JOSEPH BIGELOW vs. SEWALL KINNEY.

WINDSOR,
February,
1830.

Where A, an infant, a short time before he became of age, purchased land, and exe-
cuted his notes and a mortgage to secure the purchase money, and, two days after-
wards, in consideration of the notes being given up to him, executed a quit-claim
deed of the premises to the person of whom he had purchased, who went immedi-
ately into possession, and he and his grantees remained in possession several years
before A intimated any intention to disaffirm the contract,—it was held, in an action
of ejectment, brought by A after having arrived at full age, against the person in
possession,

That A could not affirm the deed which conveyed the land to him and avoid the mort-
gage executed by him to secure the consideration money ; and

That, as the quit-claim deed was voidable only by the infant, on his coming of age, he
ought, if he meant to avoid it, to have given notice of disaffirmance, or otherwise
have rejected the contract, within a reasonable time after he became of age ; and,
not having done so, he was presumed to have affirmed the quit-claim deed, and,
therefore, was not entitled to recover.

This was an action of ejectment for land in Weathersfield,
being part of lot no. 22. On the trial of the general issue, the
plaintiff claimed title to the land under, and gave in evidence, a
deed from Joseph R. Williams to him, dated Nov. 12th, 1818.
The defendant gave in evidence a mortgage deed from the plain-
tiff to Joseph R. Williams, dated Nov: 12th 1818, and executed
at the same time of the first mentioned deed, to secure the pay-
ment of several notes given by the plaintiff to Williams for the pur-
chase of the land ; and also a quit-claim deed from the plaintiff to
Williams, dated Nov. 14th, 1818, which was executed in consid-
eration of the giving up by Williams to the plaintiff the notes des-
cribed in and secured by the mortgage. The defendant also gave
in evidence a deed from Joseph R. Williams to John P. Williams,
dated April 6th, 1820 ; a deed from John P. Williams to ———
Perkins in 1828, and a deed from Perkins to the defendant ; and
proved that Joseph R. Williams took possession of the land im-
mediately after the plaintiff executed to him the quit-claim deed,
and continued in possession until he conveyed to John P. Williams,
who entered into possession of the land in January, 1821, and
continued in possession until he conveyed to Perkins in 1828.
The plaintiff proved, that at the time he executed the mortgage
deed, and the quit-claim deed, to Joseph R. Williams, he was a
minor under the age of twenty one years ; that he arrived at full
age in May, 1819 ; that when he executed the quit-claim deed
Joseph R. Williams promised to pay him the sum of $100, being
the amount of what the plaintiff had advanced on the purchase,
whenever he should sell the land ; and that after Joseph R. Will-
iams conveyed to John P. Williams, the plaintiff demanded of

WINDSOR,
February,
1830.

Bigelow
vs.
Kinney.

Joseph R. Williams the $100 promised him, which Williams re-- fused to pay. The defendant proved that in 1821, after the conveyance to John P. Williams, the plaintiff applied to John P. Williams to buy the land, and afterwards applied to him to hire it, or take a lease of it; but no bargain was concluded. The county court directed the jury, that if they found that the plaintiff, at the time he executed the mortgage deed and the quit-claim deed to Joseph R. Williams, was under the age of twenty one years, he was entitled to recover; that the evidence given in the case did not amount to a ratification of the contract; but if it did, that it was sufficiently explained if they believed that the plaintiff acted under the influence of the promise made to him by Williams. A verdict being returned for the plaintiff, and judgement rendered thereon in the county court, the cause was removed to this Court, on exceptions filed by the defendant to the directions given to the jury.

*Mr. Collamer, for the defendant.*—1. The deed of an infant is voidable only, and not void, if, as in this case, it might be beneficial. This is most advantageous to him; yet this, like all other privileges of infants, is only to be so far extended as is necessary to his protection. As the deed is binding on the adult, the privilege to disaffirm should be exercised immediately on arriving at full age, or in a reasonable time after, or never. This is all his protection requires, and the safety of others is consistent with no other principle. Hence, mere silence, or permitting affairs to remain as before, is an affirmation. This the plaintiff did for nine years after he became of age.—1 *Swift's Dig.* 58; 1 *Kent's Com.* 195; *Kline* vs. *Beebe*, 6 *Conn. Rep.* 502-7; *Holmes* vs. *Blogg*, 4 *Com. L. Rep.* 10, (8 *Taun.* 35.)

2. Any act done, after full age, inconsistent with disaffirmance, is, in itself, an affirmance. Such were the acts of the plaintiff, consisting in offers by himself and through others, both to purchase and to hire the premises, keeping his notes, &c.

3. This silence, and these overt acts, amounting to an affirmance of the quit-claim deed, are in no way explained by the plaintiff. The pretended promise of J. R. Williams does not explain them. 1. Because the very terms of that promise, if relied on by the plaintiff, after age, were consistent only with affirmance; and the refusal of Williams afterwards to pay, or the neglect of the plaintiff to enforce it, furnish no excuse or foundation for the present suit. 2. It could not furnish an excuse after 1821, as J.

WINDSOR.
February,
1830.

Bigelow
vs.
Kinney.

R. Williams then refused payment, and, therefore, eight years remain unaffected by it.   3. The not recording the deed to J. P. Williams could furnish no excuse, as *the same was well known to the plaintiff*, as appears by his own testimony of his applications to both J. R. Williams and J. P. Williams ; and the court should so have charged the jury.   4. The disaffirmance of a deed must be by some overt act or notice by an adult, and this must be previous to suit, or the title is not in him.   The only reason why this may be dispensed with for an infant is, that the avoidance of a deed requires the same discretion as to make one.   5. By and upon disafirmance the parties should be restored to their respective rights unless impossible.   It should be " *status ante bellum*," not " *uti possidetis*."   *Bigelow* should not be permitted to disaffirm his quit-claim deed, unless on replacing the notes, which were its consideration.   Nor indeed can the delivery of the notes for a deed, now to be considered void or inoperative, be considered payment of those notes.   The parties are then to be left on the first deed and mortgage, which are to be taken together, and constitute in law a mere conditional sale to the plaintiff, with which condition he has never complied, and has, therefore, no right to recover.

If the plaintiff, who, on arrival of age, is to be viewed like all other men, competent to understand and assert his right, had wished to avoid his quit-claim deed, he should have done so immediately, by replacing the mortgage notes.   If he had then wished to avoid the contract, it should have been done by notice and demand of the notes and pay he had made.   By this he would have entitled himself to recover whatever pay he had made, but not, as now claimed, the whole land.   *His neglect* to enforce the promise of J. R. Williams for the hundred dollars may have barred him. This neglect to make those disaffirmances and demands in season may now have barred him of recovering what he paid : but it cannot be true that *his own neglect* has now given him farther and much greater rights.

It will hardly be contended an infant on taking a deed of land, and at the same time mortgaging back for the purchase money, may immediately avoid his part of the contract, and hold the land absolutely.   This would, indeed, make his privilege a sword and not a shield.   If the plaintiff could not have done this at the time, when and by what professional finesse or legal legerdemain has he since acquired this right ?

*Cushman, for the plaintiff*.—If an action was sustainable at all

WINDSOR,
February,
1830.

Bigelow
vs.
Kinney.

for the $100 when the sale was effected, upon the promise of Joseph R. Williams to plaintiff, yet for eight years it could not have been sustained, because, in the eye of the law, the premises were not yet sold—the deed not being on record, nor any body in visible possession. The question, then, of the acquiescence of the infant is at rest here, because, the fraud and collusion of the Williams—1. in Joseph R. Williams in circumventing the boy, and 2. in their covinous management in the sale and legal transfer of the premises afterwards, till the statute of limitations had run upon the promise—rebut all idea of acquiescence in the infant, as creating a bar to his right ; and if conscience had taken any part in the transaction, the $100 would have been paid, and this action prevented.

But again, there is no pretence of acquiescence after this covinous sale in 1820, because, he then told Joseph R. Williams, " you will hear from this again." Here is to be seen the reason why this deed was not recorded—under a combined determination to cheat this boy ; and here then was notice that he should not ratify the contract, and this immediately too after he became of age ; for he became of age, May 6, 1819 ; and about eleven months after he was of age, he notified Joseph R. Williams, if he would not pay the $100, " he would hear from him again." Hence the charge of the honorable Judge, who charged the jury in this case, was most manifestly correct. For, while relying upon this promise to pay the $100, for this period of eight years, and this too in ignorance of his rights, if the plaintiff is to be barred by acquiescence, the shield of infancy is a mere cobweb to be stripped off by every unprincipled speculator, who may chance to have it in his power to effect it.

The jury have found in this case that the plaintiff in delaying to bring this suit, or, in other words, that his acquiescence grew out of his reliance on the promise of Joseph R. Williams to pay him $100 when the place was sold. For this was the very ground upon which the Judge left the case to the jury. That is, if any of his acts, abstractedly considered, would be acquiescence, yet the reliance on the promise, if believed, would destroy its effect. That fact being found, then, by the jury, it will forever settle this case ; for to make acquiescence a bar, it must be voluntary acquiescence, and not brought about by the contracts and management of the opposite party.

But the next question is, what is this acquiescence—about which so much is said in this case ? What lapse of time should

make it a bar to the plea of infancy? The infancy of a party pleading in all civil cases, should be a bar, unless fraud or necessaries can be replied, or a promise when of full age. The joinder in this case goes upon the ground of a promise when, or after, the plaintiff was of full age. The doctrine, that silence gives consent is a delicate doctrine, and in all cases should be handled tenderly. For to make a valid contract there must be parties and a proposition on one side and acceptance of it on the other, coupled with a good or a valuable consideration.—1 *Swift's Dig.* 173. Now this acceptance should be by some act, or by some word, written or spoken, in order to give it any validity.—*Reeves' D. Relations,* 240. But this contract has no affirmative word or act to sustain it. What has it then? I answer silence for eleven months, and that under a contract to pay, upon sale, $100. But what is this tacit consent? Why, it is forbearing to act where a man knows what is doing, and is not restrained by compulsion or contract.—1 *Swift,* 173, *last paragraph but one.* This forbearing to act or disaffirm for a great length of time is evidence of fraud in him if it cannot be explained. But it is essential that he should be acquainted with his rights also.—1 *Swift,* 174; 1 *Vesey* 6. That the plaintiff was ignorant of his on this occasion is manifest from the case. For, 1. No sale had been consummated. 2. He had hopes that the honor or conscience of Joseph R. Williams would induce him to pay. 3. Being poor and at a distance, he was unable to look up and investigate his rights. 4. To such a boy, under such circumstances, the law looked like a lottery or bugbear, and against such men, while poor, he would have regarded probably his remedy worse than his disease, had he known what his remedy was. But under all these circumstances this defendant asserts an acquiescence which confirms title, or ratification after he became of age! If this is confirmation of title, however, then the boasted power of the law to protect infants, is rather a net in which to catch and retain them for the slaughrer, than any substantial shield to protect their rights.

But a promise in order to be binding upon an infant after full age, must be made deliberately and with a knowledge that the party is not liable by law.—*Smith* vs. *Mayo et al.* 9 *Mass. Rep.* 62. The same evidence ought to be required of a voidable contract after full age, as of the execution of a new one.—*Hussay et al.* vs. *Jewett,* 9 *Mass. Rep.* 100; *Ford* vs. *Philips,* 1 *Pickering,* 202; 2 *Starkie's Ev.* 725. Note at bottom.

WINDSOR, February, 1830,

Bigelow vs Kinney.

WINDSOR,
February,
1830.

Bigelow
vs.
Kinney.

PRENTISS, Ch. J., delivered the opinion of the Court.—That the deed of an infant, which takes effect by delivery, and is not upon the face of it a prejudice to him, is not void, but voidable only, is a doctrine well established by the authorities, and particularly by the case of *Zouch* vs. *Parsons, 3 Burr.* 1794. The principle settled in that case has been confirmed by subsequent decisions in England, and has been generally, if not universally, recognised and adopted by the courts in this county. It is not only highly reasonable, but more beneficial to the infant, that it should be so ; for if the contract is void, it has no effect upon either party, and the infant himself can take no advantage of it. But if it be voidable only, he may either affirm or disaffirm it, after he arrives at full age, and is thus enabled to avail himself of the contract when it is beneficial, and to avoid it when it is prejudicial to his interest. In the present case, the plaintiff after he came to maturity had his election either to affirm or disaffirm the contract. If he disaffirmed it, he might have brought his action, and recovered back the money he had advanced on the purchase. If he affirmed it, his only remedy was by an action on the promise of *Williams* to pay him the sum of $100 whenever he sold the land. As the execution of the deed of quit-claim, however, was a transaction subsequent in point of time to the execution of the original deed and mortgage, and formed a distinct contract, the plaintiff might have elected to avoid the quit-claim deed only, leaving the original deed and mortgage in force. But he could not affirm the deed which conveyed the land to him, and avoid the mortgage executed by him to secure the consideration money. The deed and mortgage were made at the same time, were one transaction, and though distinct instruments, formed one entire contract, which could not be affirmed in part, but must be affirmed or disaffirmed in whole. Nothing is clearer, than that a party cannot affirm an entire contract in part and avoid it in part ; and to allow the plaintiff to avail himself of the deed conveying the land to him, and to avoid the mortgage given by him to secure the purchase money, would be no less repugnant to law than to the plainest dictates of justice. If the plaintiff, therefore, had elected, or was now at liberty, to avoid the deed of quit-claim, and take the benefit of the prior deed to himself, the mortgage given by him to secure the purchase money would be binding upon him ; and as the notes were given up in consideration of the quit-claim deed, and without payment, the debt would remain, and the plaintiff would have nothing but an equity of redemption in the land.

As an equity of redemption, after a breach of the condition of

the deed is not a sufficient title on which to recover in ejectment, against the mortgagee, or any one holding under him, the view already taken of the case is decisive against the plaintiff. But we also think, that, on the evidence stated in the exceptions, the deed of quit-claim was ratified and confirmed, so that even the plaintiff's equity of redemption was released and gone. Though it is laid down, that a bare acknowledgement or recognition of the contract of an infant, after he comes of age, without an express promise, will not, where the contract is for the payment of money, or the performance of some personal duty, and remains executory, amount to a ratification ; yet in general, an express act done under a contract of his infancy, implying a confirmation of it, has been held to be sufficient. There are numerous instances in the books, in which an affirmation of a contract, connected with, or growing out of an interest in, lands, has been inferred from acts or circumstances ; as where an infant, after full age, continues in possession of lands purchased, taken in exchange, or leased, or receives or pays rent. Indeed, it is held in a late case, that in every instance where the contract is voidable only by the infant on his coming of age, he is bound by, and is presumed to ratify, the contract, if he does not within a reasonable time after he has attained full age, give notice of disaffirmance, or otherwise reject the contract.—(*Holmes* vs. *Blogg*, 8 *Taunt*. 35.) This principle is applicable of course to all grants or conveyances of real property to or from the infant ; and we do not see why it should not apply to all contracts executed and performed by him during his infancy. A deed executed and delivered by an infant, conveying land, remains good and valid, until it is avoided by him ; and as he alone has the power of avoiding the deed and rescinding the contract, he is bound, in reason and justice, after he comes of age, and is competent to exercise a discretion upon the subject, to make his election, and give notice of his intention. He ought not to be allowed to leave the grantee, upon whom the contract is binding, in a state of suspense and uncertainty ; and unless he makes known his determination in a reasonable time, it is just that the contract should become absolute against him. At any rate, silence on his part, while the grantee, or any one under him, is claiming, holding, and occupying under the contract, is an acquiescence from which a confirmation of the contract may be inferred. It was decided in the case of *Kline* vs. *Beebe*, 6 *Con. Rep.* 494, that the grant of an infant may be affirmed either by the performance of acts from which an affirmance may be reasonably implied,

Windsor,
*February,*
1830.

Bigelow
*vs.*
Kinney.

WINDSOR,
February,
1830,

Bigelow
vs.
Kinney

or by the omission to disaffirm within a reasonable time; and accordingly, where an infant, after attaining full age, retained the notes given for the purchase of land, and the grantee was permitted to remain in the undisturbed possession of the land for a number of years, it was held, not only that these acts implied an affirmance of the deed, but that the omission of any act or' expression of disaffirmance alone, for such a length of time, was an acquiescence in the conveyance, amounting to a tacit affirmance. In a recent work of great excellence and value, the production of an accomplished and experienced jurist, justly distinguished for sound discriminating judgement, and surpassed by none in extensive and accurate erudition, it is laid down, that the confirmation of the act or deed of an infant may be justly inferred against him, after he has been of age a reasonable time, either from his positive acts in favor of the contract, or from his tacit assent under circumstances not to excuse his silence.—(2 *Kent's Com.* 195.) In the present case, nine years elapsed after the plaintiff came of age, before he intimated any intention or wish to disaffirm the contract; during all which time Williams, or others holding under him, remained in possession of the land. In addition to this, the plaintiff, nearly two years after he became of age, demanded of Williams the $100 promised him, and applied to purchase the land of Williams' grantee, and afterwards to hire it. These acts denoted an intention not to disaffirm the deed of quit-claim ; and either they, or the lapse of time, were sufficient evidence of a confirmation of the deed.

Judgement reversed, and cause remanded to the county court for a new trial.