## ALBERT K. NAWAHI *v.* HAKALAU PLANTATION COMPANY.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED OCTOBER 13, 1902.   DECIDED NOVEMBER 11, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Sugar cane is a crop subject to the law of emblements, although it is not sown and may require more than a year to mature.

A guardian cannot make a lease of the ward's land to extend beyond the latter's majority so as to bind the ward as to the excess beyond that time, but such a lease is binding on the lessee and may be ratified or disaffirmed by the ward upon attaining his majority.

If the ward disaffirms the lease on coming of age the lessee will be entitled to emblements, as the term is one of uncertain duration as to its termination or continuance at that time.

### OPINION OF THE COURT BY FREAR, C.J.

This is an action of trespass for $20,000 for removing a crop of sugar cane from certain lands belonging to the plaintiff. The only question is whether the defendant was entitled to the crop under the law of emblements. The question comes here on an exception to a ruling of the trial Judge sustaining the defendant's demurrer and dismissing the plaintiff's action.

The defendant had been in possession under a lease made by the guardian of the plaintiff (then a minor) for ten years from July 1, 1897, but the minor upon coming of age notified the defendant, in January, 1902, that the lease was terminated and requested possession, but the defendant continued in possession long enough to harvest the then growing crop.

The general rule is that when a tenancy is of uncertain dura-

tion and is terminated through no act or fault of the tenant, he, or his representative, is entitled to the annual crops then growing upon the land. Thus there are in general three essentials— (1) uncertainty of the term, as in the case of an estate for life or at will; (2) termination of the tenancy through no act of the tenant, as by act of God as where a life tenancy is terminated by death, or by act of the law as where a tenancy during coverture is terminated by divorce, or by act of a landlord as where he determines a tenancy at will; and (3) the annual nature of the crop, by which is meant not so much that it must be planted or sown annually or even harvested strictly within a year as that it is the result of annual care and labor. This law is based on the policy of encouraging industry by giving to tenants the results of their own labor in cases where the expenditure of such labor is not due to their own folly. If a tenancy were to determine at a known time or through the act of the tenant, it would be his own fault if he planted a crop which could not be harvested until after the termination of the tenancy; but if he could not know when the tenancy would determine he would, but for the law of emblements, be discouraged from planting or sowing or cultivating, for he could not know whether he or another would reap the results of his labor. See, in general, 8 Am. & Eng. Enc. Law, 2nd Ed. 302, 318; 2 Taylor, Ld. & Ten., Sec. 534; Wood, Ld. & Ten., Sec. 561.

It is not disputed in this case that the tenancy was determined through no act or fault of the tenant.

As to the annual nature of the crop—although much of the opinion of the Circuit Judge was devoted to the question of whether sugar cane was a crop of this nature, especially considering that it is not sown and may require more than a year to mature, counsel do not in this court seem to dispute that it is, and the principles above set forth would seem to require the adoption of this view.

The only question remaining, therefore, is whether the tenancy was one of uncertain duration. It is contended that the guardian could not make a lease of the ward's lands to extend

beyond the latter's minority and that the excess beyond that time is void, and consequently that the lease must be regarded as one for a definite period, that is, until the ward should become of age. There is no doubt of the correctness of the premises in this argument and of the general statements cited from the authorities in support of them if we read them in the sense intended by those authorities. It is true that a guardian cannot lease the ward's land for a period beyond his minority, that is, so as to bind the ward, and that the excess beyond that time is void—at the option of the ward. In other words the lease is binding on the lessee after that time unless the ward terminates it and it may be ratified or disaffirmed by the ward at his option. It is not absolutely void as to the excess, that is, null for all purposes and incapable of ratification. It is merely voidable even as to the ward and not voidable at all by the lessee. See *Van Doren v. Everitt*, 5 N. J. L. 460; *Snook v. Sutton*, 10 N. J. L. 133; *Campau v. Shaw*, 15 Mich. 226. This is conceded in argument, and yet counsel insist on their conclusion from the premises stated by them in spite of these material qualifications of those premises.

The lessee was absolutely bound, the ward or landlord might or might not, at his option, terminate the lease on arriving at majority. The lessee, therefore, could not know whether the tenancy would terminate then or not. The tenancy, therefore, was of uncertain duration. If, as in *Thomas v. Noel*, 81 Ind. 382, the occupant knew that his right of possession would terminate at a particular time unless he himself performed some act before that time the case might be different. But where, as here, the termination or continuance of the tenancy depended entirely on the will of the landlord, the tenancy must be regarded as of uncertain duration so far as its termination or continuance at that time is concerned.

The exceptions are overruled.

*T. I. Dillon, J. A. Magoon* and *C. W. Ashford* for plaintiff.
*Hatch & Silliman* and *B. L. Marx* for defendant.