RAMONA JELLINGS *v.* PIONEER MILL COMPANY, LIMITED, A CORPORATION DULY ORGANIZED AND EXISTING UNDER AND BY VIRTUE OF THE LAWS OF THE TERRITORY OF HAWAII.

No. 1761.

ARGUED OCTOBER 6, 1927.   DECIDED OCTOBER 25, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is an action of ejectment for the recovery of a piece of land described in the declaration by metes and bounds, containing an area of 2.13 acres, situate at Kaanapali, Lahaina, Maui, and being part of the ili of Moomuku, apana 28 of L. C. A. No. 11216 to M. Kekauonohi. The case was tried without a jury and judgment rendered for the defendant.

By stipulation duly filed, the parties agreed that the following were facts: that the particular piece of land in dispute was a portion of apana 28 of L. C. A. 11216

to M. Kekauonohi; that Levi Haalelea was the heir of M. Kekauonohi; that the ili was conveyed by Charles C. Harris, as administrator of the estate of Levi Haalelea, to J. A. Nahaku by deed dated June 13, 1866, and recorded; that J. A. Nahaku sold the ili "to different people and it is agreed that there were twenty-nine (29) shares in all"; that on June 30, 1921, the trustees of the estate of H. P. Baldwin, deceased, conveyed to one Lahela Reimann all of their right, title and interest in "that part of apana 1, of L. C. A. 11216 to M. Kekauonohi (known as the Moomuku Hui Lands) lying mauka of the government road in Honokawai, between apana 2 of L. C. A. 4249 to Kameeui and apana 1 of L. C. A. 3699 to Meeau, and containing an area of three (3) acres, more or less"; that "the true survey of the piece of land in dispute" is in accordance with the description set forth in the declaration, this description showing that the area of the land is 2.13 acres, "more or less"; that at the time of the conveyance from the trustees of the estate of Baldwin to Lahela Reimann the trustees "owned 23⅛ shares (1/29 undivided interest each) in said land of Moomuku, Kaanapali, Maui, and Pioneer Mill Company, Limited, ½ share of (1/29 undivided interest)"; that on June 22, 1922, Lahela Reimann and husband conveyed to Mary Kalua all of their right, title and interest in "that part of apana 1 of L. C. A. 11216 to M. Kekauonohi (known as the Moomuku Hui Land) lying mauka of the government road in Honokawai between apana 2 of L. C. A. 4292 to Kameeui and apana 1 of L. C. A. 3699 to Meeau and containing an area of three (3) acres, more or less"; that Mary Kalua and husband, on October 27, 1922, executed and delivered to the defendant, the Pioneer Mill Company, Limited, a deed which was recorded in 1922, whereby they purported to convey all of their right, title and interest in and to a piece or parcel of land containing an

area of 2.13 acres, described in the same terms as is the piece described in the declaration; that since the filing of this action the company has acquired five shares or 5/29 interest in the land in dispute; that the plaintiff claims the land in dispute by virtue of a deed from Mary Kalua and husband, dated January 9, 1926, and duly recorded, which purports to convey a piece of land containing an area of 2.13 acres, described in the deed in the same terms as is the piece described in the declaration.

Undisputed evidence shows the following facts: Mary Kalua was born on January 11, 1905, married May 6, 1922, and became of age on January 11, 1925. Beginning with February, 1925, and continuing throughout that year and ending in December, 1925, the defendant constructed improvements on the land described in the deed to it from Mary Kalua at a cost in excess of $13,000. The improvements consisted of a dairy, a barn, a milk room, a well, a well-house and a tank. The foundations for these improvements were all of concrete. The deed to the defendant was executed on April 27, 1922, when the grantor was of the age of seventeen years and nine months. The same grantor's deed to the present plaintiff, which may be taken as an act of disaffirmance of the earlier deed, was on January 9, 1926, two days less than one year after the grantor arrived at the age of majority. This action was commenced on January 13, 1926.

The deed of a minor, it is well settled, is voidable and not void and may be avoided by the grantor, after reaching majority, by some act of disaffirmance. A conveyance to another grantee is such an act of disaffirmance. As to the length of time within which a minor may successfully disaffirm after reaching majority, courts differ, some taking the view that the whole period of the statute of limitations should be allowed and others holding that a reasonable time is all that can be accorded for the purpose.

This court has shown its inclination towards the latter view. As early as 1856 Chief Justice Lee of this court charged a jury that "when a minor purchases land he must make his election within a reasonable time after reaching his majority whether he will keep the land and pay for it, or disaffirm the contract and return the land". *Kahanu* v. *Thompson,* 1 Haw. 421, 422. In *McCandless* v. *Lansing,* 19 Haw. 474 (1909) the majority of the court evidently acted upon the view that the disaffirmance must be within a reasonable time, holding that under the circumstances of that case a delay of two years and ten months was not unreasonable. The minority expressly favored the view that the disaffirmance must be within a reasonable time and that the minor did not have the whole period of the statute of limitations within which to decide whether to affirm or to disaffirm. *Ib.* 479, 481. As was said in the minority opinion (*Ib.* 483, 484) : "It may not be out of place to refer to the cases of *Thurston* v. *Bishop,* 7 Haw. 421, 437, and *Estate of Kealiiahonui,* 8 Haw. 93, 99. In the first of these the court held that it was the duty of a person whose claim had been denied by the Land Commission during his infancy 'to assert his claim to this land within a reasonable time after his coming to full age', and in the second that 'in any case of improper action by a *prochein ami,* where the infant might obtain relief, the application to the court must be made by the infant promptly on becoming of age, otherwise the infant's silence will amount to an affirmance'. The principle there involved is not precisely the same but it is closely related to that involved in the case at bar. In *Nawahi* v. *Hakalau Plantation Co.,* 14 Haw. 460, where a lease of a minor's land had been made to the defendant by the guardian, the court held that while the lessee was absolutely bound by the lease the ward or landlord might or might not at his option terminate the lease 'on arriving at major-

ity' ",—by which must have been meant, within a reasonable time after arriving at majority. To our minds this is the better rule. It is sufficiently liberal to those who have executed deeds while minors. It sufficiently protects them from their ignorance and improvidence. At the same time it is more in keeping with the certainty and stability that ought to accompany titles, with a proper use and development of lands and with the due transaction of business. On this general subject see further: 1 Devlin on Deeds, Sec. 91; *Goodnow* v. *Empire Lumber Co.,* 31 Minn. 468, 470-472; *Bigelow* v. *Kinney,* 3 Vt. 353, 359; *Hieatt* v. *Dixon,* 26 S. W. (Tex.) 263, 264; *Davis* v. *Dudley,* 70 Me. 236, 239; *Kline* v. *Beebe,* 6 Conn. 494, 505-506.

What is a reasonable time is to be determined upon the facts and circumstances of each particular case. All of the circumstances are to be considered, those affecting the grantee as well as those affecting the grantor. Under the circumstances of the case at bar we think that the delay of substantially one year was unreasonable. The specific piece of land which the grantor conveyed to the defendant and later sought to convey to the plaintiff fronted on the government road passing through Lahaina, Kaanapali and Napili,—the only government road running through those districts. The land described in the declaration, judging from the description therein set forth, was not more than 492.6 feet in depth. Assuming that the barn and other improvements were at the rear of the property, they were easily visible from the government road. The evidence is undisputed that during the whole of the year elapsing between her arrival at majority and her deed to the plaintiff Mary Kalua lived on the Island of Maui, the first half of the time at Wailuku and the second half of the time with her mother, Lahela Reimann, at Napili, a settlement very near the land in question. The

trial judge, who saw and heard Mary Kalua on the witness stand, says that she "is a young woman of average intelligence. She speaks good English and gave her testimony in the English language". He further found and the evidence shows that "during the time Mrs. Kalua resided in Wailuku she from time to time visited her mother and saw these improvements being placed on the property in dispute; and likewise while living with her mother at Napili, near the property in dispute", on different occasions she saw the improvements already placed on the land as well as those still being made by the defendant. The defendant company had offices and officers near the property ·in dispute with whom the plaintiff could easily have communicated. Mrs. Kalua stood by in silence while the improvements were being made and gave the defendant no indication of her intention to disaffirm. Her own testimony shows that from time to time she saw the improvements as they were being erected. From and after January 11, 1925, Mary Kalua was no longer a minor and had the powers and was subject to the duties which come with the age of majority. Plain, ordinary justice and equity by her towards the defendant company should have prompted her to disaffirm promptly if she wished to disaffirm. Her failure to do so for a whole year while the improvements were being constructed must be regarded as an affirmance by her of her deed to the defendant.

This court recognized in the *McCandless* case, *supra,* that in determining whether or not the period of delay is reasonable or unreasonable the fact that the grantee constructed upon the property valuable improvements with the knowledge of the grantor may be considered. It said at page 477: "It is impossible to fix any definite time as reasonable. Expenditures incurred by the grantee or his assigns, if known by the grantor, may estop his ever

asserting his claim or he may be estopped by waiting so long as to lull the grantee into a sense of security."

The fact that the grantor was married when she came of age would not, in this Territory, constitute any impediment to prompt action by her in assertion of her right to disaffirm. R. L. 1925, Ch. 175.

The contention that since the defendant owned at the time of the deed of 1922 an undivided interest amounting to half a share in the ili of Moomuku, and that therefore a disaffirmance of the deed would not necessarily result in a loss to the defendant of its improvements, cannot be sustained as an answer to the view that the disaffirmance came too late. It is true that under some circumstances, and perhaps ordinarily, in partitions in equity the court will award to a tenant in common that portion of the common land upon which he has erected valuable improvements at his own expense, but it is conceivable that, assuming that upon a disaffirmance the defendant and the plaintiff could be regarded as tenants in common of the same ili of Moomuku, other circumstances and equities might appear which would render it inequitable for this particular piece of land under consideration to be awarded to the defendant. The court is not in a position now to adjust all of the equities as though a partition suit were before it. There has been no hearing to ascertain what all of the circumstances and equities are for and against the different cotenants. It is sufficient for the purposes of this case that the improvements were made by the defendant upon the specific piece of land conveyed to it by Mary Kalua and that she stood by in silence while the improvements were being made and delayed an unreasonable length of time before giving to her grantee notice of disaffirmance.

The judgment under review is affirmed.

*W. C. Achi* (also on the briefs) for plaintiff in error.

*I. M. Stainback* (*Huber, Kemp & Stainback* on the brief) for defendant in error.