The opinion of the Court was delivered by
Parker, C. J.
The several objections made to the levy of the execution, offered and received at the trial, we think are insufficient to set aside the verdict.
As to the first, that several distinct sets of appraisers were appointed to appraise the different parcels of real estate taken to satisfy the execution, it has been well answered, by showing that the statute does not prohibit such a proceeding, and that public convenience is promoted by it. In the levy objected to, the several parcels of land taken were situated *ata [ * 51] distance from each other, and some of them in different towns, although in the same county. It is certainly more for the interest of the creditor and debtor, provided a just estimate of the land is intended, that the appraisers should live near enough to the land to know its value; and it may be also less expensive, than it would be for appraisers to travel from one extremity of the county to another. All that the statute requires, as qualifications of the appraisers, is that they should be discreet men, disinterested, and freeholders in the county ; and there seems to be no reasonable objection to the change of men of this description, when several parcels of real estate are to be appraised; especially when, as in the case before us, some of the parcels are situate in a commercial town, like Charlestown, and other parcels in merely agricultural towns. For it may well be supposed that the men best qualified *464 to appraise one parcel may be deficient in the knowledge necessary for the just appraisement of the other.
The second objection is, that the land levied upon is not, in the return, set out by metes and bounds, as prescribed in the statute; but as reference is made in the return to deeds of the same land upon record, in which deeds there is a sufficient description by metes and bounds, we think that this objection ought not to prevail, (a)
Nor, thirdly, is the want of the formal word seisin, in the return of the sheriff, a material defect. He states that he gave possession to the judgment creditor; and a possession thus given is a seisin. The mere inaccuracy of expression in a sheriff should not defeat a lawful title, when enough appears to have been done, to show that all the requisites of the statute have been complied with. (b)
With respect to the fourth objection, viz., the necessity of its appearing that there was not personal estate sufficient to satisfy the execution, before a levy upon real estate can be valid, this point was settled in the case of Herring vs. Polley. (1)
The last objection, and the only one on which much reliance appeared to be placed by the counsel for the tenant, [ *518 ] * relates to the supposed error of the judge, in rejecting evidence tending to prove, as was thought by the coun- • sel, fraud and collusion in obtaining the judgment upon which the execution issued, which is the foundation of the demandant’s title.
The whole of the evidence offered amounted to proof of a negotiation between the original plaintiff and Moses Gill, the executor, who was the defendant in the suit in which judgment was rendered, after the trial and judgment; the object of which was to render that judgment final, by releasing or otherwise defeating a writ of review, which it was in the power of the executor to have prosecuted. This was effected by means of an annuity settled upon the executor, and some advantages secured to Amasa Stetson, who had been a purchaser under Gill, the executor, and whose land was liable to be taken in execution, and also to the sureties of the executor, in the bond given at the probate office.
We do not undertake to say that, if a review had been prosecuted, this negotiation might not have been evidence, together with other evidence tending to show that too large a sum had been recovered, to convince a jury that the former damages were too high. But as a review would have necessarily delayed the plaintiff several years *465 in obtaining his money, and as the means of satisfying the judgment might be much diminished by the delay, the anxiety discovered by the plaintiff would surely not have been conclusive evidence, by itself, that his judgment was fraudulently obtained.
When, therefore, it was admitted, on the trial, that there existed no other evidence of such fraud but what related to this treaty for preventing a review; and when it was further stated that there was no evidence which would tend to reduce the sum recovered in damages, nor evidence tending to prove any fraud in the trial; it was manifest that the evidence offered ought not, if received, to operate upon the minds of the jury. Indeed, it would have given them suspicions only to act upon, and not evidence.
* We are of opinion that, under the circumstances, [*519] the rejection was right, and that the verdict must stand.

Judgment on the verdict

 Cutting & Ux. vs. Rockwood, 2 Pick. 443.

 Pond vs. Pond, 14 Mass. Rep. 403.—Pratt & Al. vs. Putnam, 13 Mass. Rep 361. — Waterhouse vs. Waite, ante, 207. — Herring vs. Policy, 8 Mass. Rep. 113.

 8 Mass. Rep. 113.