Smith, C. J.
Suppose return states that A., B., and C. were chosen (duly stating how) to appraise the parcel now in dispute, and that C., D., and E. were chosen to appraise the other parcel, and all five were sworn to appraise such estate as should be shown them. Is this a good appraisal ?
If not, it must be because, by the statute, the same persons must appraise all the estate of the same debtor to satisfy the same execution; and that, if this be not the course pursued, the whole is void.
If it appear, by the return, that the debtor has chosen one of the appraisers, or has had an opportunity to choose, it would seem that he could not complain that the creditor and the officer have chosen different persons for different parcels, except on the score of expense. And where he chooses different persons for different parcels, he cannot, even on this account, complain.
It is not recollected that it has ever been holden that the same three persons must appraise all the lands extended on the same execution.
Cannot the creditor put his execution, after extent on one parcel, into the hands of a different officer? Suppose, after extent on one parcel, one of the appraisers shall happen to die. When the lands lie in different counties, there must be different officers and different appraisers.
When the statute speaks of three appraisers, it may in all cases, and in some must, be understood to refer to a particular parcel Ur parcels appraised by the same men, and not necessarily to all the lands which may be extended to satisfy the same judgment, or even the same execution.
[The Court then considered the defendant’s tax title, and held it invalid. In the course of the opinion, it was said: —■
*322 “ This assessment seems to be a literal compliance with the statute, and yet it does not seem to be what the statute requires. ... The framers of the act seem to have been in fault, and not the poor assessors or collector.”]
Judgment on the verdict.[1]

 S. P. Boylston v. Carver, 1814, 11 Mass. 515.