## Arunah W. Hyde *v.* Olive Barney.

The heir of an intestate has, immediately on the death of the ancestor, a vested interest in his estate, which may be conveyed by deed.

If the heir be a *feme covert*, her husband has an interest in the real estate, as tenant by the curtesy, which may be conveyed, or which may be taken for his debts.

And the interest of the husband in such estate may be attached immediately upon the decease of the ancestor, before any distribution, or any action of the probate court, and may be levied on by execution.

In a return of a levy of an execution upon real estate, a reference, for a description of the land, to deeds upon record which contain a proper description, is sufficient.

A defect in a levy of execution upon the undivided interest of an heir, in the real estate of the ancestor, in not stating the amount of the interest of such heir in the estate, is, at most, a mere defect in form, which will be cured, after the lapse of two years, without action by either party, under the statute of 1837. [Rev. St., c. 42, §§ 43, 44.]

Ejectment for the recovery of certain premises in Castleton. Trial by the Court. The possession of the premises by the defendant, at the time of the service of the writ in this action, was conceded.

Hyde *v.* Barney.

It appeared that the defendant was the widow and administratrix of Thomas Barney, who died seized in fee of the premises in question; that Evaline Barney, now Evaline Towner, who was married to James S. Towner, and by whom she had issue born alive, was the daughter and one of the heirs of said Thomas Barney. The plaintiff claimed title by virtue of an attachment and levy of execution upon the interest of the said James S. Towner in the premises in question, made before any settlement of the estate of the said Thomas Barney, and before any decree of distribution of the same among the heirs of said Thomas.

The descriptive part of the return of said levy, upon the execution, was in these words; " I extended and levied this execution on 'the undivided share, or part, of the several pieces or parcels of 'land lying and being in Castleton aforesaid, belonging to the said 'James S. Towner as tenant by the curtesy, that is to say, all of the 'undivided part, or share, belonging to Evaline Towner, wife of 'the said James S. Towner, in the real estate in said Castleton, of 'which Thomas Barney, her father, late of said Castleton, died 'seized and possessed,—for a particular description of the said sev-'eral pieces, or parcels, of land reference may be had to the several 'deeds thereof to the said Thomas Barney, on record in the town 'clerk's office in said Castleton,—the proper life estate of the said 'James S. Towner, as tenant by the curtesy, as aforesaid." The levy was made Aug. 5, 1833.

The defendant objected to the introduction of said attachment and levy, as being both irregular and void. The defendant also insisted that the interest of the husband in said premises, under the circumstances, was not liable to attachment and levy. The defendant also introduced a deed from Evaline Towner and her husband to the defendant of the said Evaline's interest in said estate, which bore date the 7th day of May, 1840.

The county court rendered judgment, upon these facts, in favor of the plaintiff; to which decision the defendant excepted.

*I. T. Wright* and *Ormsbee & Edgerton* for defendant.

The right of an heir to a distributive share in an estate is not ordinarily attachable. If it be the right of the wife, it is treated like

36

other *choses in action,* and she takes it by survivorship.   *Parks et al.* v. *Hadley,* 9 Vt. 320.   *Short* v. *Sampson,* 10 Vt. 446.

The description in the levy is, we contend, wholly insufficient, and the levy is irregular and void.   It is quite as loose as the levy upon " all the right, title and interest," &c.   *Arms* v. *Burt et al.,* 1 Vt. 303.

At the time this levy was made it is apparent that there was no estate before the appraisers, which they could properly and understandingly appraise.   They were called upon to appraise the contingency of a contingency.

*B. F. Langdon* for plaintiff.

1.   The plaintiff insists that the husband has such an interest in the freehold estate of his wife, after issue born alive, that it may be attached, or levied on by execution, under our statute, on the death of the ancestor, and before distribution of the estate.   Slade's St. 210, § 3.   9 Vt. 326, 336, 337.   Com. Dig., Tit. Baron & Feme, E. (3.)   *Griswold* v. *Penniman,* 2 Conn. 564, 567.   2 Kent 112, 113, 134.   4 Kent 27, 28.   In the case of *Griswold* v. *Penniman,* Judge Swift says, " The right does not depend on the distribution, but originates by the statute *at the time* of the death of the intestate.

2.   The levy on " all the undivided share, or part," was good, because the husband was seized of it, and it could not do away the right of division among the heirs.   Sl. St. 212, § 7.   3 Vt. 394–9. 9 Ib. 326, 336, 337.   Swifts Dig. 155.

3.   The levy is good as to certainty.   The statute requires the description to be by " metes and bounds, *or* with as much precision as the nature and situation thereof will admit."   The officer has done all he could do; he has so described the land, that he can identify and give possession thereof to the creditor, as tenant in common with the other heirs, by metes and bounds, because the levy refers to known deeds and descriptions on the public records of the town in which the lands lay.   Sl. St. 210, § 4, 212, § 7.   10 Vt. 103, 105.   11 Ib. 643, 649.   11 Mass. 517.

The opinion of the court was delivered by

WILLIAMS, CH. J.   The questions which are involved in this case have been mostly decided, either in this or the neighboring

states.   A new investigation, or a re-examination, of the cases which have been decided, is not called for.   The decisions in the New England States, on the subject of the levy of executions on real estate, and the rights and interests of heirs, are entitled to a respectful consideration, inasmuch as our institutions are similar to theirs, and our laws, particularly on these subjects, are in many instances nearly copied from theirs.

That the heir of an intestate has, immediately on the death of the ancestor, a vested interest in his estate, which may be *conveyed by deed*, is not questioned.   If the heir be a *feme covert*, that her husband has an interest in the real estate, as tenant by the curtesy, which may be taken for his debts, was decided in the case of *Mattocks* v. *Stearns et ux.*, 9 Vt. 326.   *Procter* v. *Newhall*, 17 Mass. 81, and recognized in *Griswold* v *Penniman et al.*, 2 Conn. 564. That such estate may be attached immediately on the death of the ancestor, before any distribution, or any action of the probate court, and may be levied on by execution, was expressly decided in the before mentioned case of *Procter* v. *Newhall*, 17 Mass, 81. Indeed the latter case may be said to run *quatuor pedibus* and to be identical with the present case, so far as it respects the right of the creditor to attach, and the interest which he derives by the levy of an execution.

The objections which are made to this view of the subject are altogether imaginary.   It neither prevents or retards the action of the probate court in making a division.   The creditor is substituted in place of the husband of the heiress; and if no objection is made to the distribution, or division, either by the husband or the creditor, neither the rights of the husband or of the other heirs are affected.   The life estate of the husband is to be appraised, and there is always some uncertainty in estimating the value of a life estate; but the advantage arising from this uncertainty is wholly with the debtor.   He can redeem, if the appraisal is too low; if too high, the creditor runs the risk.

Objections are then taken to the levy, as irregular and void. One, that the levy is not made by metes and bounds, but by reference to other deeds.   This objection was taken to a levy in the case of *Boylston* v. *Carver*, 11 Mass. 515, and it was held that in a

return a reference to deeds upon record was a sufficient description of the lands levied on. Without the authority of that case, I might have entertained some doubts on this point.

. Another objection is, that the officer has not stated the amount of the interest of the heir,—whether one seventh, or more. This; at most, is a mere matter of form. He states that he has levied on the undivided share belonging to the wife; and it is not to be presumed that this was not known to, and ascertained by, the appraisers and officer;—and moreover the debtor has the same advantage here, as before mentioned; if too little was taken and the appraisal too high, the debtor has the advantage, if too much, he could redeem.

But there is another and conclusive answer to all these objections. The estate of the judgment debtor was liable to be taken in execution and levied on. If there was a defect in the return, or any irregularity, or informality, or if the levy was not made according to the strict rules of law, so that the title derived from the levy should be deemed doubtful, or uncertain, that defect was cured by the act of 1837, entitled "An Act relating to the levy of executions," as well as by the act of 1835 on the same subject; and the levy was made good and valid to convey the interest of the judgment debtor, inasmuch as neither party moved or petitioned the supreme court to vacate the levy within two years from and after the framing of the several acts aforesaid.

The deed from Towner and wife to the defendant, under which she claims title, was not executed until the 7th of May, 1840,—previous to which all the defects in the levy were cured by the lapse of time.

The judgment of the county court *is therefore* affirmed.