## ALEXANDER H. ALLEN *vs.* AMARIAH TAFT & another.

A judgment debtor cannot, without reëntry, make a valid deed of land taken on execution against him, and held and leased by the execution creditor; even if the debtor lives and works upon the premises as the servant of a tenant of the creditor.

The levy of an execution upon real estate may refer for particulars of the description to a will recorded in the registry of probate.

A person in actual possession of land under a deed thereof to commence *in futuro* may maintain an action of trespass against a stranger.

ACTION OF TORT for breaking and entering the plaintiff's close, on the 20th and 21st of July 1854, and cutting and carrying away grass there growing. Answer, soil and freehold in Amariah Taft, one of the defendants. Trial in the court of common

pleas, before *Briggs*, J., who signed a bill of exceptions, the material part of which is stated in the opinion.

*P. P. Todd*, for the defendants.

*C. Allen & P. C. Bacon*, for the plaintiff.

MERRICK, J. None of the objections urged against the direction and rulings of the presiding judge afford a sufficient reason for disturbing the verdict. The defendants contended that, upon the evidence reported in the bill of exceptions, this action could not be maintained by the plaintiff; but the court, being of a different opinion, directed a verdict for the plaintiff. We entertain no doubt that this direction, which consisted merely, as we understand it, in the ruling of the presiding judge upon the legal effect of the facts which had been proved, (and it has not been suggested that it is liable to objection on any other ground,) was correctly and properly given.

It appears that, at the time when the defendants entered upon the land described in the writ, and cut and carried away and converted to their own use the grass there growing, the plaintiff was, and long before had been, in possession of the premises, claiming title thereto under and by virtue of a quitclaim deed from Obadiah Wood. This was a sufficient seisin to enable him to maintain an action of trespass against a mere intruder, or stranger having no title to the land. And it is apparent, from the uncontested facts in the case, that the defendant Amariah Taft, under whom the other defendant attempts to justify, had none.

The only evidence introduced or offered to show any title in him was the quitclaim deed from Caleb V. Allen, dated the 20th of April 1838. It is certain that nothing could have passed to the grantee by that deed. Either Allen had then ceased altogether to be the owner of the land, or to have any interest whatever in it, in consequence of the levy of the execution in favor of Nathan George upon the premises, or else he was disseised by George, and for that reason was incapable, for the time being, of making any valid and efficient conveyance. The execution was levied on the 15th of July 1834. George immediately took possession of the estate, and afterwards retained it himself, or

held it by the tenants to whom he successively demised it. From 1836 to 1838, covering the time when the deed of Caleb V. Allen to Taft was made and executed, it was occupied by Parkhurst, under a lease from George. Allen did not then pretend to occupy the estate, or claim to be in possession of it. He lived and worked upon it, indeed, during that time; but he did not assume to carry on the farm on his own account, or to labor there in any other capacity than as the servant or hired man of Parkhurst. If then the levy of George was valid, it divested Allen of all his interest in the estate, save only a right of redemption, which, never having been availed of, was barred and lost by mere lapse of time; and of course nothing remained, belonging to him, which he could make the subject of a conveyance. But if the levy, in consequence of any error or irregularity in the service of the execution, was defective, still the possession under it of the land levied upon, immediately taken by George, and the exclusive occupation of it which he thenceforward maintained and continued without interruption or disturbance, and in fact with the acquiescence and implied consent of the execution debtor, constituted a complete disseisin of Allen, so that he was thereby disabled, without first regaining the possession of the estate, or a reëntry upon it, from transferring his title to any other person. His deed therefore to Taft, under the circumstances attending its execution, was unlawful and void; and the attempted justification of the defendants under his supposed title entirely failed. *Brinley* v. *Whiting*, 5 Pick. 348. *Munroe* v. *Luke*, 19 Pick. 39.

If this conclusion is correct, there is of course no necessity for a formal determination of the other questions presented in the bill of exceptions. But as the defendants have urged, and still rely upon the objections to the levy of George's execution, and to the deed subsequently made by him to Obadiah Wood, and insist that they are sufficient to sustain the proposition that this action cannot, upon the evidence reported, be maintained, it is perhaps worth while briefly to consider whether the facts, upon which either of them depends, necessarily lead to such a conclusion.

It is contended by the defendants that the levy of the execution was inadmissible in evidence, and ineffectual as a transfer and conveyance of the estate, because neither the officer's return nor the appraiser's certificate contains a sufficient description of it, or shows that it was set out by metes and bounds. There is no inconsiderable reason for saying, in answer to this objection, that it is made in a misapprehension of the fact; for in the certificate of the appraiser some description is given of the land, and some of the monuments also, by which it is bounded and may be identified, are there particularly mentioned. But this description is not very complete; and possibly, without aid from the reference made in the certificate to the codicil to the will of Nathan Very, as recorded in the office of the register of probate, might be considered insufficient. This codicil was produced in evidence upon the trial, and now makes part of the bill of exceptions. The description there given of the land devised to Caleb V. Allen, which is the same upon which George's execution was levied, appears to be full and complete, and we can perceive no ground of objection to it. It specifies with apparent accuracy, and carefully in detail, the several monuments by which it is on all sides bounded and inclosed. If therefore there is any deficiency in the description, as it is given in the certificate of the appraisers, it is made up and the defect cured by the direct reference to the description in the codicil. For it has been often held, and may now be considered the established rule, that it is competent for an officer to refer, in the return of his doings upon an execution, to instruments of conveyance of the same land upon which it is levied, containing apt and sufficient descriptions thereof by metes and bounds, if such instruments are duly recorded in the appropriate public offices; and that such reference is enough to obviate any objection which otherwise might be interposed, on account of some inaccuracy in designating the monuments, or some omission in setting out the land by metes and bounds. *Boylston* v. *Carver*, 11 Mass. 515. *Jenks* v. *Ward*, 4 Met. 404.

The deed from George to Obadiah Wood is certainly peculiar. It is dated January 2d 1834, and purports to quitclaim to the

grantee all the right, title and interest which the grantor " may have in the premises after the first day of April next." It is easy enough to see what was intended by the parties, and why the inartificial phraseology which was used was adopted. The estate was already under lease to Parkhurst for the intermediate period of time, and George could not put the purchaser in possession of it at an earlier day. But even if the objection, that the deed is void because it purports to convey a freehold estate which is to commence *in futuro*, is insurmountable—which we do not mean to assert, or think it material now particularly to consider—it affords no aid to the defendants, because it is a matter of which they are in no situation to avail themselves They do not pretend that they have derived any title from George or from his assigns; and he interposes no claims or pretensions of his own, though, if his deed is void, he remains still the owner of the estate. Whether that right, if it exists, shall be asserted, belongs to him, and not to the defendants, to determine. In the mean time, the plaintiff, being in actual possession of the estate, cannot lawfully be disturbed in his enjoyment of it by any person who cannot show a higher and better title. This is what the defendants have attempted, but without any success, to do; and they have accordingly wholly failed to establish their defence, or to show any reason why the verdict for the plaintiff should not stand.     *Exceptions overruled.*