SOWLES et al. v. RUGG et al.

(Circuit Court, D. Vermont. January 11, 1893.)

QUIETING TITLE—WHEN SUIT LIES.

One who has purchased land at execution sale under a void judgment obtained by him collusively with the defendant for the purpose of defeating the rights of a prior attaching creditor, cannot, by joining with

him defendant's husband, subject to whose alleged marital rights the sale was made, entitle himself to maintain a bill to remove the cloud created by the sale under such prior attachment.

In Equity. Suit by Susan B. Sowles and Edward A. Sowles against Benjamin F. Rugg and Chester W. Witters, receiver, etc., to remove a cloud on complainants' title. Bill dismissed.

Edward A. Sowles, for orators.
Chester W. Witters and Nathan N. Post, for defendants.

WHEELER, District Judge. The oratrix is a daughter, and the orator the husband, of Margaret B. Sowles, and the defendant Witters is receiver of the First National Bank of St. Albans.

He attached her real estate, and the oratrix attached the same. It was levied upon, and sold on his execution to the defendant Rugg, but not within five months of the judgment; and afterwards levied upon and sold, subject to the marital rights of the husband, to the oratrix, on her execution within five months of that judgment. This suit is brought to remove the cloud of his levy from the title of the oratrix and orator, and to prevent Rugg from interfering with their possession.

It has been heard with Susan B. Sowles vs. Wellington B. Witters and Chester W. Witters, receiver, upon like answer and the same evidence. See 55 Fed. Rep. 159. As it is brought by the oratrix and orator, it can be maintained only upon a joint or common title or right of both. That the judgment and execution of the oratrix are wholly void as to the defendant Witters, receiver, is found and held in this case as in that. The subjection of her levy and sale to the marital rights of the husband would not vary their effect. By the statute under which they were made they would, if valid, "give to the purchaser all the debtor's title to the land so sold." Laws 1884, No. 139, § 2. If the husband had any marital rights that would be left, they would not be included, whether noticed or not; if he had none, all the debtor's title would be conveyed, although treated as subject to them. Perrin v. Reed, 35 Vt. 2. If the receiver's levy was valid, the effect would be the same; neither purchaser would have any joint or common right with the husband, and neither could join with him against the other. Much less can the oratrix proceed jointly against the other after her right fails. His right, however, is to the use of the wife's lands; the rents, issues, and products of which have long been exempt from his debts. Rev. Laws, § 2324. But the statute relating to the contracts and liabilities of married women provides that execution may issue against them, and be levied on their "sole and separate goods, chattels, and estate." Laws 1884, No. 140, § 1. When her lands were levied upon and sold they were no longer her lands for him to have the use of. When the marital relation is ended by divorce, this right ceases. Barber v. Root, 10 Mass. 260; Mattocks v. Stearns, 9 Vt. 326. Whatever ends the wife's estate ends the husband's. Even after he becomes tenant by the curtesy, what would end her estate if she was alive will end his. Execution issues upon the acknowledgment of

a statute, merchant or staple. "If a woman, tenant in tail, acknowledge a statute and marry, and have issue and die, the land may be extended in the hands of her husband, tenant by the curtesy." Bac. Abr. "Curtesy of England, E." "Any circumstance which would have defeated or determined the estate of the wife if living will, of course, put an end to the estate by curtesy." 1 Washb. Real Prop. c. 6, par. 18; 1 Rop. Prop. 35. The husband has an estate in the wife's land which might be attached by his creditors, if not exempt by law, and be conveyed by him, if not prohibited by law. Hyde v. Barney, 17 Vt. 280. But it is of uncertain duration, and liable to be defeated by the failure of her estate, as well as by the termination of the marriage relation during the life of both.

The levy of the oratrix seems to be good against all but the receiver, whose right was sought to be avoided, and would terminate the rights of the orator; and both could not proceed together against the defendants after the failure of his rights.

Let a decree be entered dismissing the bill, with costs.