### SAMUEL HUBBARD *vs.* MARK RICART.

FRANKLIN,
*January,*
1831.

An heir, as such, cannot before a division, maintain *ejectment* or *trespass quare clausum fregit*, where he has had no possession : yet, all the heirs conveying to the plaintiff by deed, and two years elapsing, without any interference of the administrator, are sufficient to presume the administrator's lien upon the land satisfied, as against the defendant, who appears a stranger to all title.

The statute requiring a division among the heirs before they sue, *applies only in cases where there must at some time be a division.*

All the heirs joining in a conveyance renders a division unnecessary.

This was an action of trespass for breaking and entering the plaintiff's close, and cutting down and carrying away sundry trees. At the trial in the county court, PRENTISS, J. presiding, the plaintiff, after proving that the defendant, in the year 1827, entered upon the lot in question, and cut down and carried off several pine trees, produced in evidence a deed dated November 3, 1825, from Jonathan Hunt and others, heirs of Arad Hunt, conveying the lot to the plaintiff. He then proved that Arad Hunt, who owned and possessed said lot in his life time, died intestate in the year 1825, before the execution of said deed, leaving the plaintiff, and the several grantors mentioned in the deed, his heirs at law. The court decided, that the title, thus shown by the plaintiff, was not sufficient in law to maintain the action. And there being no evidence, that the plaintiff was in possession of the lot, either before, or at the time of, the alleged trespass, the jury were directed to return a verdict for the defendant, which they did accordingly.

The plaintiff excepted to the charge of the court, and the cause was removed to this court on a motion for a new trial.

*After argument,*

HUTCHINSON, C. J., after stating the case, pronounced the opinion of the Court.—The county court, in their instructions to the jury on the trial of this cause, must have considered that the plaintiff, in order to maintain this action, must either show a good title in himself, and no person in actual possession, or show actual possession in himself at the time the trespass was committed; and must have further considered the administrator's lien upon this and all the lands of the deceased, for the payment of the debts of the deceased, paramount to the plaintiff's title thus shown in evidence, unless the plaintiff showed that lien satisfied. And truly, if the administrator's lien remained upon the land, the heirs could not convey the same, so as to entitle the grantee to immediate pos-

Franklin,
January,
1831
_____
Hubbard
vs.
Ricart.

session ; nor were they entitled to a partition among themselves, while that lien remained.   Upon the decease of the intestate, his real estate descended to his heirs ; yet subject to the lien of the administrator to pay the debts due from the estate.   And by statute they have no right to take possession till the administrator's lien is satisfied ; and, if he is unreasonably dilatory, they must seek their remedy, for the delays, upon his administration bond. This lien of the administrator may absorb the whole estate, and leave nothing for the heirs ; or it may absorb a part, and leave a remnant to be divided among the heirs.    And till such division, or what is of equal effect, the heirs cannot maintain ejectment for these lands, nor an action of trespass upon the freehold.

In the case before us, nothing appears, whether there has ever been any administrator, nor whether, if there was one, he had settled his accounts, and closed his administration, without using these lands.    The statute requiring a division before the heirs can maintain ejectment &c. must be construed to apply to such cases, and such only, where a division is necessary.   Where there is but one heir, there need be no division : there can be none.   So all the heirs being of age, and joining in a partition deed, must be considered as valid a division, as one made by order of the judge of probate.   In this case, the bill of exceptions shows that the plaintiff was one of the heirs of Arad Hunt, and that all the other heirs joined in a deed, conveying this lot of land to the plaintiff.   This must have the same effect to vest in the plaintiff a conclusive title to this land, as if divided first, and then conveyed to the plaintiff, provided the estate was so far settled that a legal division could be made.

This brings us to the question whether the plaintiff was in need of further proof to show, that the lien of the administrator was satisfied, so as to give effect to the deed from the other heirs to him, and establish his separate right as one of the heirs of Arad Hunt deceased.   It appears from the case, that said Hunt, died in the year 1825, but the time of the year is not mentioned.   The deed of the other heirs to the plaintiff bears date Nov. 3d 1825. The trespass complained of was committed in the year 1827.— And, during all this time, no administrator interferes to take possession, or to dispose of the land, or exercise any control by virtue of his lien.   These circumstances, connected with the fact, that so many heirs should be agreed to join in a conveyance of this lot of land, which would have been improbable, unless they had known the administrator's lien to be satisfied, are sufficient to cre-

ate a good *prima facie* title in the plaintiff against the defendant, while he shows no right in himself to a share in the division, and in fact no interest whatever in the land. From these circumstances connected, the jury might well have presumed the lien of the administrator satisfied. They were not so instructed, but were instructed to return a verdict for the defendant. For which reason the judgement of the county court is reversed, and a new trial granted.

*Hunt* & *Beardsley*, for plaintiff.

*Allen*, for defendant.