WILLIAM A. BOARDMAN *vs.* EBENEZER BARTLETT.

ORLEANS,
*April,*
1834.

A son, who remains in possession of the real estate, after his father's decease, under a family arrangement, without letters of administration taken out, or any legal settlement or division thereof, cannot maintain an action of ejectment therefor.

This was ejectment for about twenty acres of the south part of the north 100 acres of a certain lot of land, in Morristown. Seizin and ouster was laid in 1827.

The plaintiff read in evidence a deed of the north 100 acres of said lot, from one Lucy Bartlett, William G. Bartlett and defendant, to Alfred Boardman, father of the plaintiff, dated October 3, 1825.

It was admitted, that, from the time of the seizin and ouster alleged, and sometime before, the defendant had been in possession, adversely to the plaintiff, of about eleven acres of the land sued for.

The plaintiff offered evidence to show, that his father took immediate possession under his deed, by building a house and making other improvements on the land north of the part in dispute, claiming to own according to said deed; and that he resided thereon, with his family, till his death in 1830;—that his father was very sickly and feeble during all this time, and that all the actual business of carrying on the farm and taking care of the family devolved on the plaintiff, who lived with his father till his death, having arrived at full age in February, 1827;—that, by a family arrangement, not by deed, the whole farm was understood and considered to belong exclusively to the plaintiff; that he had continued, ever since the death of his father, to live on said farm, to carry it on as his own, and to support his mother and sister;—that the said Alfred died leaving the said William A. and daughter, there being no other heirs;—that no administration was ever granted on his father's estate, but the plaintiff paid up the debts; and that the plaintiff, ever since coming of age, had claimed to be in possession of said hundred acres, by virtue of said deed to his father, and the aforesaid acts of possession, done and continued under it.

The court decided, that, without an assignment of the land sued for to the plaintiff, or a settlement and division of his father's estate, or an actual possession, in his own right, of the eleven acres in dispute, or some part of it, before possession thereof taken by defendant, the plaintiff would not be entitled to recover. And no further evidence being offered, the

ORLEANS,
April,
1834.

Boardman
vs.
Bartlett.

court rejected that which was offered, and verdict and judgment passed for defendant; to which decision the plaintiff excepted, and the exceptions were allowed and passed to this court.

After argument, the opinion of the court was delivered by

MATTOCKS, J.—The sixth section of the probate act, after directing that the executor or administrator may bring trespass or ejectment upon the right of the testator or intestate, and may prosecute any such suit, begun by the deceased, for the use and benefit of the heirs, devisees, or creditors, then says, " that no such action shall be maintained by any heir or heirs, devisee or devisees, until such estate be set off to them by an order of the probate court." The case at bar is plainly within this prohibition. Here were two heirs, of whom the plaintiff was one, who were entitled to the land in question, after the dower of their mother should be set off. But the estate has not been settled in the probate court; and what is called the family arrangement is not valid to pass the title to the land. There is the case of *Hulburd* vs. *Ricart*, 3 Vt. Rep. 207, which goes as far, probably, as the statute will permit. That was where all the heirs conveyed to the plaintiff by deed; and, after possession of the plaintiff two years, the court presumed the lien of the administrators was satisfied. They go on the ground, that it was only where no further division need ever be made, that the plaintiff can maintain his action without the land being set off by the probate court. Here a further division is essential, before the estate can be settled. Whether this departure from the common law was wise, is not the question; but the statute having been made, must be enforced, like other laws; and, if this is not a case that comes within its purview, it would be impossible to conceive one that would.

The judgment of the county court is affirmed.

*J. Sawyer for plaintiff.*