Orleans,
March,
1837.

IRA RICHARDSON *v.* LEONARD BORIGHT.

If an infant receive a deed of land, and execute a mortgage to secure the purchase money, he cannot avoid the mortgage and affirm the deed.

Every contract of an infant, merely voidable, will bind him, after becoming of full age, unless he disaffirm it, within a reasonable time after becoming of age.

How far misrepresentation, as to the title of the land, will affect the contract, where the conveyance is by quit claim deed.

This was an action of assumpsit on note, dated January 22d, 1828. Plea general issue, and trial by jury. On the trial, the defendant proved that, at the time of executing said note, he was a minor, having been born March 5th, 1809; and also that the note in question, and several others, to the amount of three hundred dollars, were given by the defendant in part payment of a house and lot of land; that said house and lot were deeded to the defendant by Augustus Richardson, a brother of the plaintiff, the title to the house and lot being in the said Augustus; which deed was executed at the request of the plaintiff, who was the real owner of the land. And also, at the time of said purchase, the defendant executed a mortgage of said house and lot to said Ira, to secure the payment of said notes. And it was further proved that the defendant, in March, 1829, being yet a minor, quit-claimed said house and lot to a third person, and removed from the premises. And the defendant also offered to prove, as evidence of a failure of consideration for said note, and of fraud on the part of the plaintiff in the sale of the house and lot, that, at the time of making the purchase, the plaintiff represented to the defendant that the premises were not incumbered, and induced the plaintiff to accept of a deed of quit-claim of the same; That the said house and lot were incumbered by mortgage to the amount of about eighty dollars, at the time of his purchase; which fact had been denied by the plaintiff: That after the defendant had made several payments for the house, he discovered the mortgage, and soon after quit-claimed the house and lot to a third person, for much less than he had actually paid the plaintiff, and abandoned the possession. Which testimony was objected to by the plaintiff, and rejected by the court. The court further decided that, inasmuch as the defendant had not, within a reasonable time after he had arrived at full age, disaffirmed the contract with

the plaintiff, he, the defendant, was concluded and barred from any advantages he might claim from his plea of *infancy*, and directed a verdict for the plaintiff. To which several decisions of the court the defendant excepted.

Orleans,
March,
1837.

Richardson
v.
Boright.

*S. Sumner, for defendant.*

Contracts of infants are considered as binding, void, or voidable. Binding, when for necessaries; void, when to their prejudice; voidable, when for things of an uncertain nature, as to benefit or prejudice, and are at the election of the infant to affirm or not, when of age. 2 Dane's Ab. 25. 2 H. Blac. Rep. 511. Under which head of void, voidable, or binding, is this case to be considered? Certainly not of the class of binding contracts, for it most surely was not necessary for the defendant to purchase houses and lands.

Is the contract void? It evidently appears to have been to the prejudice of the defendant, and deceptive and fraudulent on the part of the plaintiff.

If the contract is to be considered voidable, it then remains at the election of the infant to affirm it or not.

We insist that, as the defendant did not affirm it when he became of age, the contract is null. And further, that the facts proved in the case imply a disaffirmance on the part of the defendant. What is meant by an election, and how is it to be manifested? And what amounts to an affirmance? The case shows that the defendant, before he came of age, finding himself overreached and defrauded, and unable or unwilling to meet the payments for his house and lot, together with the previous incumbrance, disposed of his interest in the land, and abandoned the possession, and it does not appear that he has since taken any interest or concern in the transaction. From these acts it would seem to be clear enough that the election of the defendant, which the law allows him to make, was to abandon the contract. We would ask further, what could the defendant do when he became of age, and what the law would require him to do, to disaffirm this contract? Should he go to the plaintiff and offer to redeed and to give up the possession of the land he had purchased? He had already redeeded to another. Should the defendant go to his grantee, disaffirm his contract with him, turn him out of possession, then go to the plaintiff and disaffirm with him also? This would be an unwieldy shield for an infant to use. The boasted protection, afforded by the law to infants, is

but a poor defence, if it would require the defendant to go through all these manœuvres to get rid of the difficulties, in which the fraud of the plaintiff and his own inexperience had involved him. The defendant took a more natural course, and one, it would seem, sufficiently intelligible, to manifest the election or choice which he had made. He abandoned the whole concern or contract.

We find it decided that infants may avoid their contracts, unless affirmed by *acts* or *words*, after they arrive at the age of twenty one. 4 Vt. Rep. 154.

Some *positive act* or *declaration*, on the part of the infant, is necessary to defeat his power of avoiding his contract. 1 Swift's Dig. 59.

If a promise is made when of age, the promise must be direct, and proved by such evidence as would prove a new contract. 2 Dane's Ab. 31.

An infant's deed, if when of age he does any *act* to confirm it, is made valid. 4 id. 441.

His continuance in possession, after full age, of lands demised to him during his minority, is an affirmance of the lease. 2 Starkie, 725.

And if an infant mortgagor, after becoming of age, convey the same land to another, subject to the mortgage, which he recognizes in the deed, he thereby confirms the mortgage. 2 Starkie, 725, Note.

Security, given by an infant, may be revived by a promise, after he comes of age. 2 T. R. 766.

A direct promise, when of age, is necessary to establish a contract made during minority, and a mere acknowledgment, as in cases under the statute of limitations, will not have that effect. Such promise must be made deliberately, and with a knowledge that the party is not liable by law. 9 Mass. Rep. 62. In this case we find none of these acts of confirmation;—no direct, deliberate promise—no acknowledgment by deed after the defendant became of age—no benefit derived—no act, of any kind, to adopt or recognize the acts of his minority, but a disposition to avoid the whole;—the possession abandoned and conveyance made before he became of full age—the whole transaction begun in infancy and ended in infancy.

*J. Cooper, Jr. for plaintiff.*

I. The conveyance by the defendant of the premises having never been disaffirmed by him, and the deed from Augustus

Richardson to defendant and his mortgage back being one entire contract, and no notice of the disaffirmance having ever been given, the defendant is to be deemed to have affirmed them. 1 Swift's Dig. 58. 1 Kent's Com. 195. 6 Conn. Rep. 502. 8 Taunt. Rep. 35. *Bigelow* v. *Kinney*, 3 Vt. Rep. 353.

Orleans,
March,
1837.

Richardson
v.
Boright.

II. The lapse of time, since defendant became of full age, without notice of disaffirmance, binds him.

III. Partial failure of consideration does not avoid a note or other contract—nor even a total failure, in the absence of fraud. 2 Stark. Ev. 280. *Bowers* v. *Hurd*, 10 Mass. Rep. 427.

When a promissory note is given for the purchase of real estate, and the title of the estate fails, it is not a good defence against the note unless the failure be total. *Greenleaf* v. *Cook*, 2 Wheaton's Rep. 13. *Smith* v. *Sinclair*, 15 Mass. Rep. 171. *Loyd* v. *Jewel, et al.* 1 Greenleaf's Rep. 353. 11 Johns. Rep. 50. 2 Stark. Ev. 270. 2 H. Black. Rep. 273. *Moggridge* v. *Jones*, 14 East's. Rep. 480.

IV. The defendant, by an examination of the records in the town clerk's office, might have ascertained whether the estate was encumbered or not, and having the means of knowledge, it was his own fault that he did not avail himself of such means. 2 Stark. Ev. 270. *Vernon* v. *Keys*, 12 East's Rep. 652. 4 Taunton's Rep. 488. *Emerson* v. *Brigham et al.* 10 Mass. Rep. 197. 2 Ld. Raymond's Rep. 1118. Buller's N. P. 31, 32. 2 Stark. Ev. 471.

The opinion of the court was delivered by

REDFIELD, J.   The question here, in regard to the infancy of defendant, is so much the same with that decided in the case of *Bigelow* v. *Kinney*, 3 Vt. Rep. 353, as hardly to admit of any distinction.   It was there held that the infant could not avoid the mortgage, and affirm the deed, but the entire contract must stand or fall together.   And it was further decided, that if the defendant would avoid the contract, on the ground of infancy, it was incumbent upon him to give notice of such disaffirmance within some reasonable time after coming of full age, or he would be considered as having ratified it.   The same doctrine is held in the cases of *Holmes* v. *Blogg*, 8 Taunton, 35.   And *Kline* v. *Beebe*, 6 Conn. Rep. 494. Indeed it is but the long established doctrine of the common law.   In the case of every act of an infant, which is merely voidable, he must disaffirm it, on com-

ing of full age, or he will be bound by it, and this must be done in a reasonable time. It is not contended that the defendant did this. The charge of the court below to the jury was correct, then, upon this point.

In regard to the offer of the defendant to show such a fraud on the part of of plaintiff, as to avoid the contract, we think the court below decided correctly. It did not amount to a total failure of consideration, so as to exonerate defendant from his promise. There were no covenants on the part of plaintiff, whereby the loss could be made the subject of a plea in off-set.

The incumbrance, offered to be shown, was a pre-existing mortgage, which must have been upon record, or it could not affect the defendant, unless he had notice, at the time of the conveyance, in which case he could not now complain. If the deed were upon record, it would be constructive notice to defendant, as well as plaintiff, and it does not appear either of them had notice, in fact. And if the plaintiff had notice, in fact, of the incumbrance, which was upon record, and used no means to prevent the knowledge coming to defendant, he would be guilty of no legal fraud in selling and deeding to defendant, without notifying him of the incumbrance. But the case does not show that plaintiff had such notice.

The judgment of the county court is affirmed.