Daniel, Judge,
after stating the case as above, proceeded as follows: As to the first branch .of the Judge’s charge, we must confess that we are unacquainted with any law of this State which gives to the landlord a lien on the crop of his tenant, where the rent, instead of money, is agreed hy the parties to be paid in lcind; or in a part of the crop. The lessor, whether such an agreement is contained in or is out of the lease, stands upon no better footing than the other creditors ot the lessee; he has no lien or any other particular privileges that we are aware of. The English law of distress and sale for rent by the landlord, has never been in use and practice in this State. Such an agreement is but a chose in action. Secondly, we are of the opinion that Ruth, by virtue of the lease to him, had an estate in possession in severalty during the term, and the plaintiff had the reversion. The crop growing or standing on the land was entirely the lessee’s property at the teste of the execution. This case is not like that of the State v. Jones, 2 Dev. & Bat. 360. In (hat case, the owner of the land had never made a lease, and the *433 entire property in the staves was in the owner of the land on which grew the timber, out of which the staves were made. Here, there was a lease, and the term and the entire crop on the land was in the lessee. The plaintiff’s claim, either for the one third of the grain which should be made on the land, or the corn standing in the particular field, rested only in agreement or contract. There being no partition or separation of any portion to the plaintiff out of the general mass of the crop before the teste of the execution, the whole crop belonged in law to the lessee at .that period, and the execution bound the property in the hands, of Ruth, and all others claiming under him, from the teste. Den on dem. of Stamps v. Irwin, 2 Hawks, 232, Gilkey v. Dickerson, 2 Hawks, 341, Bickerdike v. Arnold, 3 Hawks 296. The plaintiff claims under Ruth, by an atrreement made after the teste of the execution. The .plaintiff, although the landlord, was bound by the execution against his tenant.
We are of the opinion that the Judge erred in his charge to the jury on both points raised in the cause.
The judgment must be set aside and a new trial granted.
Per Curiam. Judgment reversed.