JOSIAH H. DAVIS *vs.* FRANCIS C. DUDLEY, and another.

PARKER D. SHAW *vs.* FRANCIS C. DUDLEY, appellant.

FRANCIS C. DUDLEY *vs.* PARKER D. SHAW, and others.

Aroostook.   Opinion September 19, 1879.

*Infant's deed—ratification of.*

A minor's deed of land not appearing upon its face to be prejudicial to him, is not void but voidable.

To avoid it or ratify it, there must be some act on the part of the minor, after becoming of age, indicative of that intention.

Mere delay on the part of the minor is not sufficient evidence; but delay coupled with the neglect of the minor after becoming of age, and having knowledge that the other party is intending to, and does make valuable improvements, to make known his intention to avoid his deed in season to prevent such expenditure, is a sufficient ratification.

ON REPORT.

The three actions were reported for the law court to determine the title between the parties.

The first two actions are trespass *quare clausum.*

Davis and Shaw both claim title under deed from Francis C. Dudley to Parker D. Shaw, dated November 27, 1868, Shaw having subsequently conveyed a portion of the premises to Davis.

Francis C. Dudley was born April 17, 1848, and therefore was a minor at the date of his deed to Shaw.

April 22, 1878, nine years after attaining his majority, Dudley taking his brother with him as a witness, made an entry upon the premises described in that deed, for the purpose of asserting his claim and title to the land, and forbade Shaw and Davis from

doing any more work upon it. For making this entry the Dudleys are sued in the above actions of trespass.

After the testimony was all in the cases were continued on report with an agreement that the law court should "determine the title between the parties. If the actions of trespass are maintainable, the damages to be fixed at the sum named. If the writ of entry is maintainable, it is to stand for trial on the question of betterments."

*L. R. King,* for Shaw and Davis.

*Powers & Powers,* for Dudleys.

The entry was proper to disaffirm the deed. *Boody* v. *McKenney,* 23 Maine, 517. Some positive act was necessary for the purpose. *Boody* v. *McKenney, supra,* 1 Pars. Contr. 272. Met. Contr. 60, and cases. *Urban* v. *Ginnes,* 2 Grant (Pa.)

*Chadbourne* v. *Rackliff,* 30 Maine, 354. *Holmes* v. *Blogg & Taunt,* 39, 16 E. L. & E., Am. note, 558.

DANFORTH, J. The last named of these three cases, that of *Dudley* v. *Shaw,* is a real action. It is conceded that the title to the land described in the writ was originally in the plaintiff. The tenants claim under a deed from him. The execution of the deed is not denied, but the case finds that when it was given the grantor was a minor. The deed is dated November 27, 1868, and the plaintiff became of age April 17, following. On the 22d day of April, 1878, the plaintiff entered upon the land claiming to own it. After the sale and before this entry the tenants had built buildings thereon and made valuable improvements, the plaintiff living near by and making no claim to the land or objection to the improvements. The only question involved in the case is whether under these circumstances the deed is valid and binding upon the plaintiff.

Whatever differences of opinion may formerly have existed as to whether a minor's deed is void or only voidable, it must now be considered as well settled law that an instrument like this, where it does not appear upon its face to be prejudicial and which may be beneficial to the minor, is voidable at his election. *Robinson* v. *Weeks,* 56 Maine, 106.

As the deed is voidable at the election of the minor, it follows that until that election is in some way made manifest there is neither a ratification nor an avoidance. Without the one or the other the deed must still remain in force but as a defeasible instrument. This manifestation must be shown by some positive and clear act, intended for that purpose. What that act shall be, or what is sufficient for that purpose must necessarily depend upon the circumstances of each case. It therefore follows that mere delay within the time allowed by the statute of limitations, uncoupled with any acts expressive of an intent to confirm, would not be sufficient for that purpose ; and this may now be considered as well settled law ; though some decisions may be found holding that unless the deed is repudiated within a reasonable time, ratification will result. 3 Wash. R. Prop. (3d ed.) 226. *Boody* v. *McKenney*, 23 Maine, 523-4. *Jackson* v. *Carpenter*, 11 Johns. 539. *Tucker* v. *Moreland*, 10 Peters, 75-6.

While mere acquiescence for any length of time within the statute of limitations, is no proof of intention to ratify, when coupled with acts or even omissions when duty requires action, it may become not only pertinent, but satisfactory proof of such intention.

In *Boody* v. *McKenney*, Shepley, C. J., says : "The reason is, that by his silent acquiescence he occasions no injury to other persons, and secures no benefits or new rights to himself. There is nothing to urge him as a duty towards others to act speedily."

In *Tucker* v. *Moreland*, Story, J., says : "Mere acquiescence uncoupled with any acts demonstrative of any intent to confirm it would be insufficient for that purpose."

From these propositions the inference is inevitable that when delay is coupled with acts, indicating intention to confirm, or which do cause injury to others, or secure benefits to himself, or under such circumstances as impose a duty to act speedily, it becomes proof of confirmation more or less potent according to the accompanying acts and circumstances.

This is analagous to the doctrine applied to infant purchasers. If he retains the land after becoming of age receiving a benefit from it, he confirms the contract without further act. *Hubbard*

v. *Cummings,* 1 Maine, 11. *Dana* v. *Coombs,* 6 Id. 89. Without a further citation of authorities it seems to be established as a general rule that when an infant enters into a contract and after becoming of age receives a benefit from it or by virtue of it does an act which is an injury to the other party he thereby ratifies it.

In this case the land was sold late in the fall. The grantor became of age in the spring following. The inference is that nearly or quite all the improvements were made at a time when the duties and responsibilities of an adult rested upon the plantiff. The case further shows that his residence was such that he must have known the improvements the tenants were making, the purpose for which they were made, and that they were made relying upon the title derived from the deed now in question. Under such circumstances if the plaintiff intended to avoid his deed, common honesty required him to make known that intention in season to prevent so great an injury and would forbid his making profit by an omission to do so. This certainly is a case where there is something "to urge him as a duty toward others to act speedily." Surely he was required to act within a reasonable time and failing to do so he must now be considered as electing to abide by his deed. The tenants might fairly suppose that he so intended, as they were under no obligation to assume that he would act in violation of that rule of law which requires honesty in minors especially after minority has ceased. While then mere delay has no effect of itself, under the circumstances of this case, it became demonstrative proof of an intent to confirm, and certainly as unreasonable in its length and similar in effect as causing loss to the party bound, as well as profit to the party whose duty it was to act, as if the minor had been the purchaser of the land in possession, instead of the seller. In which case it is clear he would have been held as confirming the deed. *Boody* v. *McKeen, supra,* 1 Am. Lead. Cas., 258.

This would seem to be a case coming within the meaning of the language used by Barrows, J. in *Robinson* v. *Weeks,* where he says contracts which may be avoided by the minor include "all executed contracts of this sort where the other party can be placed substantially in *statu quo.*" It is undoubtedly true that

the consideration received may not necessarily be returned for that may have been expended or squandered before the minor becomes of mature age. Nor will he be held responsible for his acts while under age. But in this case the acts or omissions were not those of a minor but such as he is responsible for, and from the consequences of which he cannot, or does not propose, to relieve the other party.

It is however claimed that sufficient relief and all that the tenants are entitled to, may be obtained under the statute providing that in certain cases a tenant may in a real action recover compensation for his improvements, and there is a provision in the report that if the action "is maintainable, it is to stand for hearing on the question of betterments." This leaves that question open to be contested by the plaintiff and it is not clear that he might not do so with success. Six years adverse possession appears to be necessary to give the tenant a right to such a claim. *Moore* v. *Moore,* 61 Maine, 420. *Bent* v. *Weeks,* 46 Maine, 524. It is not easy to see how such a possession can be shown here. The tenants were in possession not as disseizors of the plaintiff, but by virtue of a title under him; defeasible it may be, but nevertheless a title by a deed valid until defeated within a proper time and under proper circumstances. R. S., c. 104, § 32.

The case of *Tolman* v. *Sparhawk,* 5 Met. 469, relied upon by the plaintiff, differs materially from this. In that the improvements were made upon a strip of land between the true line and a conventional one. The latter was established by an agreement of the parties and was afterwards shown to have been a mistaken one. Hence the tenant had no title to the land, and, although he was holding under an assent of the plaintiff, that assent was but oral and given under a mistake. Therefore the tenant was holding not only without title, but in opposition to the true title, and the plaintiff, as well as the tenant, being in ignorance of the true line no obligation rested upon him to inform the tenant of his mistake. Therefore it was properly decided in that case that there was no estoppel on the part of the plaintiff, and the betterment act would work that justice between the parties which the law contemplates.

But if we assume that the tenants are in this action entitled to a compensation for their improvements the principle remains the same. There is still an injury to them as well as a benefit to the plaintiff sufficient to distinguish this case from those which hold that mere delay is not a ratification of the deed. It surely is an injury to a party after having made for himself a home to be obliged, without fault on his part, to sell it upon compulsion at the election of one who is in fault, at a price fixed by other parties and after paying the costs of a suit to have that price determined, or be compelled under the same liability of costs to pay such sum for the land as the judgment of the same persons may dictate. It is too of some benefit to the plaintiff or may be so, that he can at his election take the improvements or sell his land at the price assessed.

Besides if the tenants are entitled to a compensation as a condition precedent to an avoidance of the deed, as would seem to be unquestioned and unquestionable, that compensation should be made or tendered before the commencement of the action. The plaintiff must be entitled to recover when he begins his suit or he must fail. He can recover, if at all, only on the ground that the deed has been made void, and in order to do this he must perform all things incumbent upon him to do for that purpose. In this case there has been neither a performance nor a tender of it.

If, under these circumstances, the plaintiff can recover, the protection, which the law furnished him as a shield, has in his hands become a sword, a reproach to which we think the law is not open, and there must be judgment for the defendant.

This result necessarily disposes of the other actions. As the entry of the defendants which is the alleged trespass in each, was unauthorized the actions are maintainable, and as provided in the report judgment must be entered for the plaintiff in each case.

APPLETON, C. J., BARROWS, VIRGIN, PETERS and SYMONDS, JJ., concurred.