100 601
151 ¹167
d151 ¹169

CATHERINE DONOVAN AND ELIZABETH DUYORE v. MARY WARD ET AL.

*Infants—Deed—Disaffirmance—Statute of limitations.*

1. Two infant heirs joined with their co-heirs in the execution of a quitclaim deed of the common inheritance. The grantee mortgaged the land, the mortgage was foreclosed, and the usual commissioner's deed executed to the purchaser at the foreclosure sale. He conveyed the land, and his grantee and his successors had had exclusive possession for nearly eight years, when the two heirs, who had attained full age, brought ejectment to recover their interest in the land. The evidence disclosed that the plaintiffs learned of the sale by the mortgage purchaser soon after it was made, at which time the plaintiffs had attained their majority; that no improvements had been made on the land by said grantee or his successors, nor had either of the plaintiffs done anything indicating an affirmance or ratification of their deed. And it is held that the action was seasonably brought, if within the period prescribed by the statute of limitations.[1]

---

[1] For cases bearing upon the question of the affirmance or disaffirmance by an infant of his deeds and mortgages, see:

1. *Young v. McKee*, 13 Mich. 552, holding that where land is conveyed to an infant, who mortgages it back to secure the purchase money, he cannot, on arriving at full age, affirm the deed without also affirming the mortgage.

2. *Carrell v. Potter*, 23 Mich. 377, where an infant contracted for the purchase of a piece of land, and before arriving at full age assigned the contract. About five months after the infant had attained his majority, the assignee filed a bill against the vendor and the infant to enforce the specific performance of the contract. And it was held that, if the infant had brought the suit, it would of itself, have been an act of affirmance, but that a suit by the assignee had no such effect; and that the retention of the consideration for the assignment, and the acquiescence of the infant during the five months, standing alone, were insufficient to raise an inference of ratification.

3. *Prout v. Wiley*, 28 Mich. 164, holding:

a—That an actual entry and conveyance, after attaining his majority, and before the right to disaffirm is cut off, operate as a disaffirmance of a minor's deed.

b—That upon the question of the affirmance of a minor's deed by mere lapse of time, or, in other words, by mere silence or acquiescence for any particular period of time after the minor has attained his majority, it is sufficient to say that by the great weight of authority, both English and American, such delay or

2. 3 How. Stat. § 8698, subd. 1, which bars an action of ejectment unless commenced within five years after the right to bring the same accrues, where the defendant claims title to the land through a deed made upon a sale thereof by a proper ministerial officer, under the decree of a court of competent jurisdiction within this State, does not apply where the defendants claim title through a commissioner's deed executed on a sale of the land under a decree in a foreclosure suit, and the plaintiffs attack the validity of the deed through which the mortgagor claimed title because of its execution by plaintiffs during their minority.

Error to Marquette. (Stone, J.) Argued May 1 and 2, 1894. Decided June 2, 1894.

Ejectment. Defendants bring error. Affirmed. The facts are stated in the opinion.

*Clark & Pearl,* for appellants.

*Charles R. Brown & Son,* for plaintiffs.

HOOKER, J. The plaintiffs, with others, inherited the

acquiescence, without any affirmative act indicating an intention to affirm, or tending to mislead the grantee into a belief of such intention, or any circumstances of equitable estoppel, such as standing by and seeing improvements made or money expended, or a sale of the property to another, without asserting his claim, or some such special circumstance, will not operate as an affirmance or confirmation of the deed, nor prevent the minor from disaffirming it and reclaiming the land within the time allowed him by the statute of limitations for bringing an action.

4. *Terry v. McClintock,* 41 Mich. 492, where an infant received a deed of lands subject to a mortgage, and, while yet a minor, gave a mortgage on the lands to raise money with which to pay the first mortgage. About a year and a half after the infant had attained her majority, a bill was filed to foreclose the mortgage, and a *pro confesso* decree was entered, after personal service of subpoena upon her, for want of an answer. An assignee of the decree filed a bill to revive the suit and enforce the decree, and the mortgagor sought to interpose as a defense her infancy when she gave the mortgage. And it was held that she was estopped from making such defense.

5. *Haynes v. Bennett,* 53 Mich. 15, which was an action of ejectment in which the defendant claimed under a deed executed by a minor, and it appeared that six months after the grantor had attained her majority, and over five and a half years after the execution of said deed, she conveyed the land to the plaintiff's grantor; that, for several years immediately prior to the defend-

lands in controversy from their mother. While yet infants of the ages of 20 and 19 years, respectively, and upon April 16, 1883, they united with the other owners in a quitclaim deed to one Peter O'Hair upon a nominal consideration of one dollar, but in truth to enable O'Hair to secure John Connor and Peter Rassmussen, by mortgage, for signing the bail bond of plaintiffs' brother. Such mortgage was given, and upon its foreclosure in chancery Rassmussen became the purchaser, receiving a commissioner's deed on May 26, 1885. On July 2, 1885, Rassmussen conveyed to William Ward, through whom defendants claim title. Ward and his successors have had exclusive possession of the premises since August, 1885. This action was begun about July 15, 1893. It was tried before the court without a jury, and comes to this Court upon exceptions to the judge's findings of fact and law, the appeal being taken by the defendants.

But two questions are discussed in the brief of defend-

---

ant's purchase, she had resided out of the county, and had not seen the land for 3 or 4 years; that possession was not demanded, nor notice to quit given, before the suit was brought; that the minor never gave any notice or did anything to revoke her first deed, except the making of the second conveyance; and that the defendant had peaceably occupied the premises as a part of his farm from the time of his purchase until the commencement of the suit. And it was held that the giving and recording of the second deed was a good revocation of the first deed, and, without other or further act or acts, entitled the plaintiff to bring his suit; and that the necessity for an infant to make entry before giving a deed of avoidance, or before bringing suit, does not exist in this State.

6. *Corbett v. Spencer*, 63 Mich. 731, where an infant about 18 years of age conveyed certain lands in exchange for other land, which she afterwards reconveyed in exchange for certain personal property, and her husband disposed of the same during her minority. Shortly after arriving at full age she deeded the first-mentioned land to a third party. And it was held that this was, under the former decisions of the Court, a sufficient disaffirmance of her first deed.

7. *King v. Merritt*, 67 Mich. 194, holding that the deed of a minor, with knowledge of his rights, should be held affirmed by him, unless he makes some claim to the premises conveyed within a period of 40 years after arriving at full age.

8. *Langdon v. Clayson*, 75 Mich. 204, holding that an infant

ants' counsel: (1) Whether plaintiffs are not estopped from asserting title; (2) the statute of limitations.

The findings of fact show that both plaintiffs learned of Ward's purchase of the lot very soon after it was made; that there was no evidence that either took any action to disaffirm the deed to Ward, or in any way claimed that it was invalid, until April 6, 1893, when they demanded possession. No improvements were made by Ward or. his representatives, nor did either plaintiff do anything indicating an affirmance or ratification of their deed. Under these findings we must hold, in conformity to the settled rule in this State, that the action was seasonably brought, if within the period prescribed by the statute of limitations. *Prout v. Wiley,* 28 Mich. 164; *Tyler v. Gallop Estate,* 68 Id. 187; *Sims v. Everhardt,* 102 U. S. 300.

It is contended on behalf of the defendants that this action is barred, under How. Stat. § 8698, subd. 1, limit-

---

cannot ratify the purchase of land, after arriving at full age, by dealing with the title thus acquired as owner, without ratifying a mortgage given during her minority to secure a loan with which to pay off liens on the land which she had agreed to pay as a part of the purchase price.

9. *Putnam v. Tinkler,* 83 Mich. 628, where land was purchased by a father for his son, and the title taken in the father's name, he agreeing to convey to the son as soon as the son paid the purchase price, which he did in his lifetime, and after his death his father conveyed to a third party, with notice that the land was claimed by the son's widow for herself and infant daughter. The widow filed a bill against her father-in-law and his grantee to enforce the performance of the contract, but, before any proofs were taken, she quitclaimed the land to the grantee for a consideration paid by her father-in-law, and surrendered possession to the grantee. The widow afterwards remarried, and lived near the land with her daughter, who, about 22 months after attaining her majority, filed a bill for the specific performance of the contract. Her right to such relief was opposed on the ground, among others, that she had lived near the land for many years while the defendant (grantee) was occupying and improving it as his own, without ever asserting her claim, which ought not to be considered by a court of equity. And it was held that laches are not to be attributed to an infant; that the law assumes that complainant was ignorant of her rights during her minority; and that the neglect of her mother to act for her could not deprive her of her right to enforce her father's contract.

ing to five years the bringing of actions against persons claiming under judicial sales. It is asserted that the lapse of five years settles such a title against the world. Under this sale and commissioner's deed the defendants acquired the same title that O'Hair, the mortgagor, had. His mortgage, and that alone, was litigated. The character or validity of such title was not settled. Titles adverse to his were not, and under repeated decisions could not be, litigated in that suit; and, unless we are to put a premium upon the perfection of titles through judicial sales, we cannot hold that such deeds cut off titles sooner than other adverse claims.

It was held in *Showers v. Robinson*, 43 Mich. 502, that it is only when the validity of the title acquired under one of the sales mentioned is in controversy in the suit, and is the subject-matter of the issue to be tried, that the five-year limitation applies. Mr. Justice COOLEY's reasoning in that case is so satisfactory that it leaves no excuse for discussing it further. See, also, *Millar v. Babcock*, 29 Mich. 526; *Toll v. Wright*, 37 Id. 93.

We think the judgment of the learned circuit judge was right, and it will be affirmed.

The other Justices concurred.