ROLAND E. STEVENS *v.* FRED FLANDERS ET AL.

Special Term at Montpelier, March, 1931.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ., and GRAHAM, Supr. J.

Opinion filed May 5, 1931.

*Roland E. Stevens pro se.*

*Pierce & Armstrong* for the defendants.

GRAHAM, Supr. J.   This is a petition to foreclose a mortgage.   The defendants have filed a joint answer and cross-bill. The cross-bill seeks cancellation of the mortgage, and the note secured thereby, and the repayment of purchase money, on the grounds of mutual mistake of fact and a material alteration of the mortgage by the plaintiff after its execution and delivery, and a like alteration of a contemporaneous deed of the same premises to the defendants by the plaintiff, as administrator of the estate of Eugene C. Badger.   Decree was for defendants. The plaintiff appealed.

The plaintiff was allowed various exceptions on the trial before the chancellor, but these exceptions are not brought up by the appeal for the reason that a bill of exceptions has not been signed and filed as required by statute.   *Fire District*

436

*No. 1* v. *Graniteville Spring Water Co.*, 102 Vt. 511, 150 Atl. 459; *Clifford* v. *West Hartford Creamery Co.*, 103 Vt. 229, 153 Atl. 205, 208. So the only question before us is whether the decree is warranted by the pleadings and supported by the findings. *Clifford* v. *West Hartford Creamery Co., supra,* and cases there cited; *Gray* v. *Brattleboro Trust Co.*, 97 Vt. 270, 274, 122 Atl. 670.

■ The findings show that on October 29, 1928, the plaintiff, as administrator of Eugene C. Badger's Estate, and the defendants executed a written agreement whereby the administrator was to sell and the defendants were to purchase the Badger farm in Hartford for the sum of Fifteen Hundred Dollars; Five Hundred Dollars to be paid in cash, Five Hundred Dollars to remain on mortgage held by Edward Tarbell, and Five Hundred Dollars by note and mortgage to the plaintiff personally. Pursuant to this agreement the plaintiff drafted the deed and mortgage and they were duly executed at the town clerk's office in Hartford on November 3, 1928. The defendants made the cash payment, received the deed from the plaintiff, and left it in the town clerk's office for record. The plaintiff received the mortgage from the defendants, and left that at the town clerk's office for record. Later the same day the plaintiff told the assistant town clerk not to record the deed and mortgage. On November 5, 1928, and in the absence of the town clerk and the assistant town clerk, the plaintiff received the deed and mortgage from an employee in the town clerk's office, took them away, and altered them by inserting a sentence at the end of the description of the land. As originally drafted and when executed, the deed and mortgage included the "Braddish place" within the boundaries described; but as altered by the inserted sentence the "Braddish place" was excluded from the premises described. At the time these papers were executed the defendants understood and believed that the so-called Braddish place was a part of the land to be conveyed and which was conveyed, but the plaintiff did not intend to have his deed include the Braddish place, as it did not belong to the Badger Estate. The chancellor concludes, "I find that there was a mutual mistake relative to what land was to be conveyed." When tested by these facts, the decree of cancellation of the mortgage and note is based upon solid ground. *Brown* v. *Lamphear*, 35 Vt. 252.

The plaintiff makes certain general objections to the decree. They are too inadequately briefed to require consideration. However, we notice them. The plaintiff says that the decree fails to dismiss his petition. It is within the power of the plaintiff to supply this relief by entering a voluntary discontinuance.

It is urged that the decree leaves the defendants in possession of the deed, which is still in force. But this is not so. The deed has not been recorded. The defendants have never taken possession of the premises. They have always refused to accept the deed as altered, and they have disclaimed all rights under or control over it. Moreover, the question presents no point of practical importance. It was conceded at the argument that the plaintiff has acquired the Tarbell mortgage, that he has foreclosed that mortgage, and that the title thereunder has become absolute.

The point is made that the decree erroneously orders the plaintiff to return to the defendants the amount of the cash payment. The plaintiff says that this sum was paid to him as administrator and not to him personally. If there is here any shadowy distinction of parties, it is enough to say that the defendants are entitled to have restitution made by the party whose conduct created the mistake which wrongfully deprived them of their money. If the plaintiff encounters any difficulty in securing reimbursement to himself, personally, by himself, as administrator, it may then be appropriate for him to invoke the powers of the court to aid him.

*Decree affirmed, and cause remanded.*