WILLIAM E. BROWN *v.* WILLIAM H. OSGOOD.

October Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed November 4, 1931.

*W. C. Lindsay* for the defendant.

*Walter H. Cleary* for the plaintiff.

GRAHAM, J. This is a petition to foreclose a mortgage. A motion to shorten the time of redemption is included in the petition, and testimony thereon was taken by both parties on depositions pursuant to section 6 of chancery rule 38. The defendant in his answer admits, in effect, the allegations of the petition, which are essential to entitle the plaintiff to a decree, but he claims allowance in the accounting for certain alleged credits, and also asks for the usual time of one year to redeem. Decree was for plaintiff, with shortened time of redemption, and the defendant appeals.

The chancellor found that "there are no offsets against the mortgage debt, as claimed by the defendant," and that "the mortgaged premises are inadequate security for the mortgage indebtedness." No exceptions to the findings were taken and filed under chancery rule 39. The defendant, on the trial

before the chancellor, was allowed exceptions to the exclusion of certain evidence offered by him, and in his brief, he argues these exceptions as questions before us for consideration and review. But these exceptions are not before us. They are not brought up by the appeal for the reason that a bill of exceptions has not been signed and filed as required by statute. *Fire District* v. *Graniteville Spring Water Co.*, 102 Vt. 511, 150 Atl. 459; *Clifford* v. *West Hartford Creamery Co.*, 103 Vt. 229, 153 Atl. 205, 208; *Stevens* v. *Flanders*, 103 Vt. 434, 154 Atl. 673. A so-called ''Bill of Exceptions'' was filed with the appeal, but it is not signed by the chancellor. See G. L. 1511, 2258. In the absence of the required signature to the bill, we are without jurisdiction to pass upon trial exceptions. *Hunt* v. *Paquette*, 102 Vt. 403, 404, 148 Atl. 752; *Tucker* v. *Yandow*, 100 Vt. 169, 171, 135 Atl. 600.

██ The appeal, without a bill of exceptions duly signed and filed, brings up only the question whether the decree is warranted by the pleadings and supported by the findings. *Stevens* v. *Flanders, supra,* and cases there cited. Since the defendant does not point out wherein the decree is unwarranted or unsupported, the appeal presents no question for review.

*Decree affirmed, and cause remanded. Let a new time of redemption be fixed below.*