WILLIAM E. BROWN *v.* WILLIAM H. OSGOOD.

May Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and
SHERBURNE, JJ.

Opinion filed October 1, 1935.

*W. C. Lindsay* for the defendant.

*Hubert S. Pierce* for the plaintiff.

POWERS, C. J.   This petitioner brought foreclosure proceedings against the defendant on a real estate mortgage.   Hearing thereon was had before the chancellor, who, on April 11, 1931,

filed his findings of fact. On May 11, 1931, these findings, with the written consent of the parties, were supplemented by a finding that the sum of $800, the avails of a fire insurance policy, had been received by the petitioner and should be credited on the mortgage debt. It was also found that the premises covered were inadequate security for such debt. A decree was entered for the petitioner, and a short day of redemption fixed.

The defendant appealed from this decree, but it availed him nothing as is shown by *Brown* v. *Osgood,* 104 Vt. 87, 156 Atl. 876. After this affirmance, a new time of redemption was fixed, and the decree became absolute on November 18, 1931. Thereupon, the plaintiff took possession of the mortgage property and now holds the same.

Pursuant to an order made by the chancellor when the aforementioned appeal was taken, the defendant filed a bond to secure the intervening damages and the costs occasioned by the appeal. When the case was remanded, a day was set for a hearing before the chancellor to determine the amount of these damages and costs. At this hearing, which was on May 21, 1934, the defendant appeared by his solicitor, and claimed that he had had no adequate notice of the hearing, but the chancellor ruled him down on that—and rightly so, as abundant notice was established.

The defendant then filed a motion to abate the hearing, claiming that by a proper application of the insurance money hereinbefore mentioned, there was nothing due on the mortgage when the decree of foreclosure was rendered. The real question which the defendant sought to raise before the chancellor, and the one which he seeks to have passed upon here, is this one regarding the proper disposition of this insurance money. But that question, both in its legal and its factual aspects, was covered by the decree referred to, and was made conclusive when that decree was affirmed by this Court. With that decree in full force and effect, there was no defense to the claim for intervening damages and costs. The amount due in equity, a question of fact, and the proper disposition of the $800, a question of law, were conclusively established by the former decree. So the questions whether this sum should be applied on the mortgage debt as fast as payments thereon fell due, as indicated by *Thorp* v. *Croto,* 79 Vt. 390, 65 Atl. 562, 10 L. R. A. (N. S.) 1166, 118 A. S. R. 961, 9 Ann. Cas. 58, or

should be held as security and applied to the debt in inverse order of the maturity of the payments thereon, were not before the chancellor in this case, and are not before us.

*Decree affirmed, and cause remanded.*