CLIFFORD STANLEY SPENCER *v.* LYMAN FALLS POWER COMPANY ET AL.

November Term, 1937.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed January 4, 1938.

*Harry B. Amey* for the plaintiff.

*Porter, Witters & Longmoore* for the defendants.

MOULTON, J. This is a bill in equity, brought to compel a reconveyance of certain real estate, deeded by the plaintiff while a minor. The facts were found by the chancellor, who entered a decree for the defendants. The plaintiff has appealed.

These facts appear in the findings: In November, 1918, the plaintiff and his sister were owners in fee of the land in question. The plaintiff was a minor, and did not attain his majority until April 5, 1919; his sister was of full age. They decided to sell, and approached the defendant MacLoon as a prospective purchaser. On November 30, 1918, MacLoon purchased the property, paying a fair price for it, and being guilty of no fraud or misrepresentation in the transaction. The deed was duly signed

and executed by the plaintiff, his sister and their mother, who was the plaintiff's guardian. MacLoon went into possession, and later conveyed a part of the property and the water rights pertaining thereto to the defendant Lyman Falls Power Company, and the rest to the defendant Hutchins. Some time later, the Lyman Falls Power Company conveyed its interest to the defendant, the Public Service Company of New Hampshire, which concern has, since 1930, made extensive improvements, at a cost of $93,000, at least $61,000 of which was expended before this suit was brought. Although he knew that ever since the date of the deed, the several defendants had been in open, notorious, visible, exclusive and continuous possession, the plaintiff claimed no interest in the property until September 8, 1936, when he instituted this suit.

Other facts are found, which are clearly immaterial to the issue. We need not concern ourselves with the circumstances that the plaintiff's mother signed the deed, not as guardian, but as administratrix of her deceased husband's estate; that she falsely assured MacLoon that she was such administratrix and had authority to convey the land; that she never filed an account as guardian with the probate court of her appointment, and never obtained from that court a license to sell any part of the property; or that, in dividing the proceeds of the sale between her children, she gave the plaintiff considerably less than his share. As guardian she has never, so far as appears, objected to the transaction, nor sought to disaffirm it. And so, too, it is immaterial that no decree of distribution has ever been made in the estate of the plaintiff's father, under whose will the plaintiff and his sister were the devisees of the land in question; because, upon the death of his father, the title at once became vested in the plaintiff, subject only to the lien of the executor to such an extent as might be required to pay the debts and administration expenses of the estate (*Watkins* v. *Merrihew's Est.*, 99 Vt. 294, 298, 131 Atl. 794, and cases cited; *Hyde* v. *Barney*, 17 Vt. 280, 283, 44 A. D. 335; *McCarty* v. *McCarty*, 356 Ill. 559, 191 N. E. 68, 69, 94 A. L. R. 1137), and it appears from the findings that the personal property, which was primarily chargeable with the debts (P. L. 2917), was sufficient to pay all claims against the estate. As to administration expenses, no facts are found, but since the testator died in 1910, it may be presumed from the

lapse of time without, so far as appears, any objection on the part of the executor, that whatever lien he may have had has been satisfied. *Austin* v. *Bailey,* 37 Vt. 219, 223, 86 A. D. 703; *Hubbard* v. *Ricart,* 3 Vt. 207, 208, 23 A. D. 198; and see *Alexander, Admr.* v. *Stewart,* 50 Vt. 87, 89, 93. The matter stands, therefore, simply as a conveyance of real property by a minor, which he seeks to disaffirm after attaining his majority. That the plaintiff's vested interest was such as could be conveyed by deed cannot be doubted. *Hyde* v. *Barney,* 17 Vt. 280, 283, 44 A. D. 335. Though a minor, his deed passed title. *Hoffert* v. *Miller,* 86 Ky. 572, 6 S. W. 447, 448; *Irvine* v. *Irvine,* 9 Wall. 617, 626, 19 L. ed. 800, 803.

■ The deed of an infant is voidable, and may be ratified or disaffirmed by him after coming of full age, and so say all the authorities. But what acts or omissions may constitute a ratification, or within what time after reaching majority the disaffirmance must be made manifest, are questions upon which there is conflict in the decisions in different jurisdictions. See 3 Washburn Real Property (3rd ed.), p. 226. In some courts it has been held that mere delay, and silent acquiescence, by the grantor after coming of full age, unaccompanied by voluntary affirmative acts manifesting an intention to assent to the conveyance, for any length of time short of the period prescribed by the statute of limitations, affords no proof of ratification, and will not bar a disaffirmance. *Boody* v. *McKenney,* 23 Me. 517, 524; *Davis* v. *Dudley,* 70 Me. 236, 35 A. L. R. 318, 319; *Sims* v. *Everhardt,* 102 U. S. 300, 312, 26 L. ed. 87; *Donovan* v. *Ward,* 100 Mich. 601, 59 N. W. 254, 255; *McMurray* v. *McMurray,* 66 N. Y. 175, 181; *O'Donahue* v. *Smith,* 114 N. Y. S. 536, 542, 130 App. Div. 214; *Mott* v. *Iossa,* 119 N. J. Eq. 185, 181 Atl. 689, 693; *Justice* v. *Justice,* 170 Ky. 423, 186 S. W. 148, 149; *Bozeman* v. *Browning,* 31 Ark. 364, 376; *Allen* v. *Poole,* 54 Miss. 323, 332. "The mere recognition of the fact that a conveyance has been made, is not *per se,* proof of a confirmation of it." Story, J., in *Lessee of Tucker* v. *Moreland,* 10 Pet. 58, 75, 9 L. ed. 345. But it is also held that a ratification may be inferred from the acts or omission of the grantor, after becoming of age, taken in connection with the lapse of time, as, for instance, where he stands by and makes no objection while the grantee, with his knowledge, makes valuable improvements upon the property in

reliance upon the title derived from the deed. *Davis* v. *Dudley, supra,* 70 Me. 236, 35 A. R. 318, at page 320; *Deichmann* v. *Deichmann,* 49 Mo. 103, 107; *Allen* v. *Poole, supra; Coe* v. *Moon,* 260 Ill. 76, 102 N. E. 1074, 1077; *Dolph* v. *Hand,* 156 Pa. 91, 27 Atl. 114, 116, 36 A. S. R. 25; *Irvine* v. *Irvine, supra.*

██ █ But with us the rule has always been that where the contract of an infant is voidable only by him on his coming of age, he is bound by, and presumed to ratify it, if he does not, within a reasonable time after attaining full age, give notice of disaffirmance or otherwise reject the result. ''This principle,'' said the Court in *Bigelow* v. *Kinney,* 3 Vt. 353, 359, 21 A. D. 589, ''is applicable of course to all grants or conveyances of real property to or from the infant; * * * A deed executed and delivered by an infant, conveying land, remains good and valid, until it is avoided by him; and as he alone has the power of avoiding the deed and rescinding the contract, he is bound, in reason and justice, after he comes of age, and is competent to exercise a discretion upon the subject, to make his election, and give notice of his intention. He ought not to be allowed to leave the grantee, upon whom the contract is binding, in a state of suspense and uncertainty; and unless he makes known his determination in a reasonable time, it is just that the contract should become absolute against him. At any rate, silence on his part, while the grantee, or any one under him, is claiming, holding, and occupying under the contract, is an acquiescence from which a confirmation of the contract may be inferred.'' And in *Richardson* v. *Boright,* 9 Vt. 368, 371: ''In the case of every act of an infant, which is merely voidable, he must disaffirm it, on coming of full age, or he will be bound by it, and this must be done within a reasonable time.'' The principle has since been recognized in *Ferguson* v. *Phoenix Mut. Life Ins. Co.,* 84 Vt. 350, 361, 79 Atl. 997, 35 L. R. A. (N. S.) 844; *Hatch* v. *Hatch's Estate,* 60 Vt. 160, 170, 171, 13 Atl. 791; and *Forsyth* v. *Hastings,* 27 Vt. 646, 650.

Other authorities embracing this view are *Sims* v. *Bardoner,* 86 Ind. 87, 91, 44 A. R. 263; *Kline* v. *Beebe,* 6 Conn. 494, 506; *Dolph* v. *Hand, supra,* p. 115, 27 Atl.

 █ What is a reasonable time depends upon the circumstances and is ordinarily, at least, a question of fact for the trier of the cause. See *Houran* v. *Preferred Acc. Ins. Co.,* 109 Vt.

258, 195 Atl. 253 (decided at October, 1937, term), and cases cited. There is no specific finding of unreasonableness here, but, since every reasonable intendment is in support of the decree, we will presume that the chancellor drew such an inference as he fairly might have done in favor of the prevailing party. *Labor* v. *Carpenter,* 102 Vt. 418, 422, 148 Atl. 867; *Kasuba* v. *Graves,* 109 Vt. 191, 194 Atl. 455, 460. Surely it is no violent assumption to say that the chancellor might fairly have inferred that a delay of seventeen years and five months, after the plaintiff attained his majority, until the bringing of this suit, which may be treated as an attempt to disaffirm (*McNaughton* v. *Granite City Auto Sales, Inc.,* 108 Vt. 130, 132, 183 Atl. 340), was unreasonable. A delay of nine years, after coming of age, was held to be unreasonable in *Bigelow* v. *Kinney, supra.*

Indeed, the decision need not rest upon this ground alone. The period of fifteen years, as prescribed by our statute of limitations (P. L. 1642, 1643), has been exceeded. Even those authorities that hold that mere silent acquiescence is not sufficient proof of disaffirmance, do so with the proviso that the election must be exercised before the statute of limitations has become a bar to an action to recover the seisin and possession of the land. See cases previously cited. It is unnecessary to dwell upon the character of the defendants' occupation of the premises. Their possession under the deed of a minor was adverse to their grantor. *Den ex dem. of Murray* v. *Shanklin,* 20 N. C. 431. That it was under claim of right may fairly be inferred from the fact that it was notorious, visible, exclusive and continuous for more than fifteen years.

Again, the elements which, taken in connection with the lapse of time, have been held by some of the authorities already cited to furnish sufficient proof of a ratification are disclosed by the findings. A large sum of money has been expended for improvements upon the property by one of the defendants. Although the plaintiff has not, since July, 1919, resided in the vicinity, he has, according to the findings of fact, made visits there. It is a fair inference, which, in the absence of an express finding, we may assume to have been made by the chancellor, that, besides having knowledge of the character of the defendants' possession, he was aware of the operations and improvements by one of them upon the parcel occupied by it. See *Dolph*

v. *Hand, supra,* 156 Pa. 91, 27 Atl. 114, at p. 116, 36 A. S. R. 25;
*Davis* v. *Dudley, supra,* 70 Me. 236, 35 A. R. 318, at p. 319.

In the last cited decision, under a somewhat similar state of facts, it was held that common honesty required the plaintiff to make known his intention to avoid the deed in season to prevent injury to the defendants, and would forbid his making a profit from his omission to do so. The defendants might fairly suppose that he intended to ratify the deed, ''as they were under no obligation to assume that he would act in violation of that rule of law which requires honesty in minors, especially after minority has ceased.'' Pp. 320, 321 of 35 A. R. This language is entirely applicable to the situation here presented.

Under whatever rule as to the time and circumstances in which a minor, after attaining majority, may disaffirm his deed, whether our own or that followed in other jurisdictions, the decree herein is amply supported by the chancellor's findings, and the plaintiff takes nothing by his appeal.

The plaintiff took various exceptions to the findings of fact, but since no bill of exceptions, signed by the chancellor, has been filed as required by P. L. 2068 and 1269, we are without jurisdiction to pass upon the questions sought to be reviewed. We have so many times, and so emphatically, called attention to this statutory requirement, and the consequences of its breach, that it is a matter of surprise that we should be called upon to do so again. Reference may be had to *Hunt* v. *Spaulding,* 108 Vt. 309, 187 Atl. 379, 380; *Vilas* v. *Seith,* 108 Vt. 18, 20, 183 Atl. 854; *Travelers' Ins. Co.* v. *Gebo,* 106 Vt. 155, 160, 170 Atl. 917; *Brown* v. *Osgood,* 104 Vt. 87, 89, 156 Atl. 876; *Clifford* v. *West Hartford Creamery Co.,* 103 Vt. 229, 237, 153 Atl. 205; *Stevens* v. *Flanders,* 103 Vt. 434, 435, 154 Atl. 673; *Fire Dist. No. 1* v. *Graniteville Spring Water Co.,* 102 Vt. 511, 515, 150 Atl. 459; *Gray* v. *Brattleboro Trust Co.,* 97 Vt. 270, 273, 274, 122 Atl. 670.

*Decree affirmed.*

### ON PETITION FOR NEW TRIAL AND MOTION FOR REMAND.

The plaintiff has brought a petition for a new trial, alleging that the failure to file a bill of exceptions, as required by statute, was due to accident and the mistake of his counsel, caused by

the neglect of the clerk of the court to keep him informed as to the true state of the docket in the cause; to notify him of the failure of the chancellor to sign a bill of exceptions; and by the failure of the chancellor to allow the exceptions.

It appears that the chancellor's findings of fact were filed on May 24, 1936; on August 4 the plaintiff's counsel prepared a list of exceptions to certain designated findings, which he sent to the clerk, by whom it was filed on August 5, and a notation to that effect was made on the docket; the decretal order was filed by the chancellor on August 17, and notice of this fact was sent by the clerk to the plaintiff's counsel. On August 25 the latter wrote to the clerk acknowledging receipt of the notice, and asking him to note exceptions to the judgment and to the chancellor's refusal to find as requested, and "to the failure of the chancellor to allow exceptions"; and on September 6, within the twenty days time allotted by P. L. 1321, he filed the motion for an appeal, as specified in P. L. 1252.

This is all that was done. The plaintiff's counsel did not communicate with the chancellor, nor did he request the clerk to forward the claimed exceptions to him. There is nothing to show that the chancellor was at any time informed that any exceptions were desired. No bill of exceptions was ever presented to him for allowance under his signature. The list of exceptions filed with the clerk was signed by the plaintiff's counsel and contained nothing to indicate that it was to be signed by any one else. It was not within the clerk's authority to "note exceptions" as counsel directed him to do. The allowance of exceptions rested with the chancellor alone. No more was it the duty of the clerk, under the circumstances, to notify the chancellor that exceptions were requested, for it is for the losing party to see to it that his exceptions are presented to the chancellor and signed by him and filed within thirty days from the filing of the decree, as required by P. L. 2068 and 1372. It is argued, though somewhat faintly, that the notation on the docket "plfts exceptns to findgs of fact fi. Aug. 5" deceived the plaintiff's counsel into the belief that his exceptions had been completed, but it is obvious that this entry referred only to the list prepared and forwarded on August 4, and could not have meant the filing of a bill of exceptions, duly signed by the chancellor; and, moreover, at that date, since no decree had been

entered, the time for signing and filing a bill of exceptions had not arrived.

While it is incumbent upon the clerk, under the provisions of P. L. 1372, and county court rule 5 (which by chancery rule 54 is applicable to proceedings in chancery), to give immediate written notice to counsel of record of all orders, judgments or other papers in the cause filed in his office, it is not his duty otherwise to keep counsel informed of the condition of the docket; certainly not to give notice that bills of exceptions have not been signed and filed. So far as appears in this instance the clerk gave all the required notices, and so the case does not come within the principle of *Walsh* v. *Cole*, 97 Vt. 459, 460, 123 Atl. 850, and *Hotel Vermont Co.* v. *Cosgriff*, 89 Vt. 173, 176, 94 Atl. 496.

The plaintiff has shown no cause for granting his petition for a new trial and it is denied.

The plaintiff has also filed a motion "for an order remanding this cause to the chancellor with directions to allow and note exceptions as requested."

Before the amendment of P. L. 1325, by No. 39, Acts of 1937, all causes in chancery, brought to this court, were, after determination, whether the result was an affirmance, reversal or modification of the decree, remanded to the court below for such proceedings as might be necessary to carry the judgment, decree or order into effect. *White River Chair Co.* v. *Conn. River Power Co.*, 107 Vt. 519, 522, 181 Atl. 284; *Canerdy* v. *Baker*, 55 Vt. 578, 581. By the Act of 1937, it rests with us either to make and enter final judgment, decree or order in this Court, or to remand the cause.

It is clear, however, that we have no authority to order a remand in this cause with the direction that the chancellor shall allow the exceptions. By P. L. 1331 he may, on petition, after mandate has been sent down, permit a party to amend his exceptions, or file new and amended pleadings, if he shall judge that equity and good conscience so requires. But, in order to permit an amendment, there must be something to amend, and so the statute cannot operate in this regard when there is no bill of exceptions in the cause. One cannot amend the nonexistent.

Furthermore, as we have seen, the statutory period in which a bill of exceptions may be signed and filed has elapsed. We cannot direct the chancellor to do that which the statute would render nugatory. With the present decree upon the record we would be without jurisdiction to consider questions presented by a bill of exceptions, if hereafter signed and filed. *Brown* v. *Osgood*, 104 Vt. 87, 89, 156 Atl. 876.

*Petition for new trial, and motion for remand, denied.*